383 P.2d 868

Joseph D. BIRKMEYER, Appellant,

v.

Wayne B. BRAND, Appellee.

No. 7439.

Supreme Court of Arizona.

In Division.

July 11, 1963.

Nebeker & Nebeker, Yuma, for appellant.

Westover, Mansfield, Westover & Copple, Yuma, for appellee.

UDALL, Vice Chief Justice.

The plaintiff obtained judgment against defendant in the Superior Court of Yuma County for the sum of $2,916.84 due and owing on a promissory note, together with interest thereon from February 1, 1958, until paid, and for attorneys' fees in the sum of $750. The court also ordered that plaintiff deliver to defendant certain shares of stock pursuant to the terms of a letter agreement and that he secure the assignment of certain Indian leases to the defendant. From this judgment defendant appeals.

In 1957 the parties entered into an assignment and exchange agreement providing for the exchange of certain leasehold interests consisting of approximately 750 acres on Indian lands in Imperial County, California for $10,000 and 18,368 shares of common, no par value, stock of a Texas insurance company. In lieu of $10,000 cash the grantee executed a seventeen-day promissory note for the same amount. All of the shares of stock provided for in the agreement were transferred to the plain-

tiff. In connection with the aforementioned agreement and upon the same day there was a supplemental letter agreement executed by the parties providing:

"* * * WHEREAS, the exact amount of acreage that can be assigned is not determinable at this time:

"IT IS THEREFORE HEREBY COVENANTED AND AGREED by and between the said parties that for each acre in excess of 750 acres that is assigned * * * Mr. Birkmeyer * * * will deliver an additional 25 shares (of the stock).

"IT IS FURTHER AGREED that as to any acres less than 750 acres which are assigned * * * there shall be credited on the stock to be delivered by Mr. Birkmeyer * * * 25 shares for each acre less than 750 acres which is assigned."

The evidence shows that defendant was put in possession of approximately 600 acres of the subject leaseholds. There was uncontradicted evidence that the plaintiff had been unsuccessful in acquiring the leases on the remaining 150 acres. Plaintiff made an offer to reconvey a portion of the stock according to the terms of the letter agreement but the offer was not acted upon. Defendant refused to pay the balance due on the note—the sum of $2,916.-84—until he had received the additional 150 acres which he claimed he should have received under the lease. Defendant did not accept the tendered stock or in any way demand performance of the letter agreement.

Although he had possession of the lands the actual leases were not signed over to defendant. Plaintiff testified he awaited defendant's payment of the note before he assigned the leases. Defendant testified that the failure to transfer the leases caused him no injury insofar as the 600 acres were concerned.

The letter agreement of the parties provided for an acreage adjustment if the plaintiff failed to assign the full 750 acres, and since the plaintiff assigned only 600 acres to the defendant he must seek his remedy within the terms of his agreement with plaintiff. See Green v. Snodgrass, 79 Ariz. 319, 289 P.2d 191 (1955). The defendant in his answer and counterclaim did not pray for performance of the letter agreement. Instead he prayed for the value of the stock intended to be returned and a setoff against the note for the value of the acres not assigned. In the alternative he prayed for the conveyance of the additional 150 acres and for damages resulting from not having them at the time he acquired the 600 acres. The remedy to this situation, however, had been provided for by agreement.[1]

1. See Pima Farms Co. v. Fowler, 32 Ariz. 331, 258 P. 256 (1927).

Defendant makes two assignments of error which appear insufficient in form. See Ariz.R. of Sup.Ct., Rule 5(c), 17 A.R.S. Nevertheless, in effect, the assignments are directed toward the same end and advance the position that the court erred in directing the verdict for plaintiff because the evidence was insufficient to merit such a ruling. With this contention we disagree. The court's decision conforms to the parties' written agreements and the evidence supports the judgment.

Judgment affirmed.

STRUCKMEYER and JENNINGS, JJ., concurring.