289 P.2d 191

**Melvin A. GREEN, Appellant,**

v.

**Nolan SNODGRASS and Grover G. Gray, Appellees.**

No. 5983.

Supreme Court of Arizona.

Oct. 31, 1955.

Rehearing Denied Nov. 29, 1955.

Charlie W. Clark, Phoenix, for appellant.

Clark & Coker, Joseph B. Miller, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal from a judgment for defendants in an action for commission claimed by plaintiff-appellant, a real estate broker, from defendants-appellees for alleged sale of real estate belonging to appellees and from the order denying plaintiff's motion for a new trial. The parties will hereinafter be designated as plaintiff and defendants as they appeared in the trial court.

The case was withdrawn from the jury at the close of defendants' case and before plaintiff's rebuttal evidence was introduced. After plaintiff's rebuttal testimony was concluded both parties rested and the cause was submitted to the court for its determination. After being fully advised in the premises it rendered judgment for defendants and against plaintiff, and for costs of suit.

The facts are that in January, 1952, defendants gave to plaintiff an open listing to sell for them certain land located in Pinal County, Arizona, consisting of 320 acres of land to which they held title and an 80-acre lease on state land. A few days thereafter plaintiff procured purported purchasers for said land at the figure asked by the sellers. The purchasers signed a preliminary agreement for the purchase thereof. The agreement is in the form of the usual real estate broker's agreement signed by him as a rule and by the seller and purchaser.

At the time of signing said agreement, to wit, on January 18, the purchasers gave a check drawn on the Buckeye Valley Bank and payable to Green Realty Company in the sum of $5,000 as a down payment on the purchase price thereof and in the event the sale was not completed said sum was to be used in the manner in said written agreement provided. At the time this agreement was executed it was contemplated by all parties thereto that the transaction was to be handled through the Phoenix Title & Trust Company. The check was delivered by plaintiff to the trust company on the same day of its execution and in due course was deposited by the trust company with its bank in Phoenix.

The Phoenix Title & Trust Company, on the same date, prepared escrow instructions covering the transaction and upon notification that said instructions had been prepared, defendants signed the same. On January 21 the purchasers notified the Buckeye Valley Bank to stop payment on the $5,000 check given to the Green Realty

Company on January 17 and thereafter failed and refused to sign the escrow instructions and to abide by their agreement to purchase defendants' land. The whereabouts of the purchasers are unknown. Plaintiff joined them as party-defendants in this cause of action but was unable to procure service of summons upon them and at the time of trial, moved to dismiss the cause of action as to said purchasers.

On or about January 2 when plaintiff learned that the purchasers had stopped payment on their check, he notified defendants of their refusal to sign the escrow instructions and to comply with their agreement of purchase. According to the testimony of defendant Snodgrass, at the time plaintiff notified him of the refusal of the purchasers to go through with the transaction he asked defendant what he wanted to do with that property down there and that Snodgrass told him to try to sell the ranch or to rent it. Plaintiff replied he would get busy on it. Shortly thereafter plaintiff leased the land to other parties and received from defendants as commission therefor the sum of $1,100. Plaintiff contends that at the time he notified Snodgrass of the purchasers' action, Snodgrass told him that the purchasers had signed the agreement and he was going to hold them to it. Defendant Snodgrass denied that he made this statement.

Plaintiff has presented for our consideration three assignments of error, all of which are directed to the one central proposition that the judgment is not justified by the evidence and is contrary to the law.

He argues that he had fully performed his part of the contract and was therefore entitled to the full amount of his commission in the sum of $5,875, notwithstanding the fact that the purchasers never signed the escrow instructions, withdrew their money from the bank and to all appearances, left the country. Plaintiff further contends that it was the duty of defendants to bring an action against the absentee purchasers for specific performance, notwithstanding the fact that he was unable to procure service upon them in the instant action. Whatever may be the principle of law which governs this assertion, we believe that this case is controlled by the express agreement of the parties hereinafter set forth.

It will be observed that the only fully executed contract before us is the agreement executed on January 18, 1952, wherein Lem A. Hughes and Rose Hughes agreed to purchase and Nolan Snodgrass and Grover G. Gray agreed to sell the land in question.

That contract provided among other things that:

"In event the Seller complies with his part of this contract and the purchaser failes to comply with his part of this contract, then the earnest money (of $5000) receipted for herein shall

322

be forfeited and divided equally between the Seller and Green Realty Co., Real Estate Broker."

 We have held that where a contract provides the remedy in event of a breach, the terms of the contract will control. Armstrong v. Irwin, 26 Ariz. 1, 221 P. 222, 32 A.L.R. 609, and in Weatherford v. Adams, 31 Ariz. 187, 251 P. 453, 456, we said·

"This court, in the case of Armstrong v. Irwin, 26 Ariz. 1, 221 P. 222, 32 A.L.R. 609, has reviewed the cases and discussed the law thoroughly and is committed to the view that a sum of money, paid in part performance of a contract providing for its forfeiture upon default, is presumably to be treated as liquidated damages—that is, as a substitute for performance—and not as a penalty or merely a security for performance. * * *"

To the same effect are Whalley v. George, 52 Ariz. 267, 80 P.2d 449, and Mallory v. Globe-Boston Copper Mining Co., 11 Ariz. 296, 94 P. 1116. As stated in the Weatherford case, supra, this court is committed to the proposition that where the contract provides what the rights of the parties to the contract shall be in the event of a breach, the court will enforce the contract as written. The plaintiff did not seek recovery of his share of the $5,000 down payment according to the terms of the contract but sought to recover the full amount of the commission based upon 5% of the purchase price of the property listed with him.

Judgment affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.