498 P.2d 535

**Albert L. WILSON, Sr. and Sybil Wilson, husband and wife, Appellants,**

v.

**Irvin PATE and Louise Pate, husband and wife, Appellees.**

**No. 2 CA–CIV 1090.**

Court of Appeals of Arizona, Division 2.

June 28, 1972.

Jennings, Strouss & Salmon, by M. Byron Lewis, Phoenix, for appellants.

Stanfield, McCarville, Coxon & Ishmael, by Franklin D. Coxon, Casa Grande, for appellees.

KRUCKER, Chief Judge.

This action was brought by the plaintiffs-Pate against the defendants-Wilson for breach of their lease agreement by nonpayment of rent. A judgment for damages was awarded the plaintiffs on July 15, 1971 in the amount of $2,404.59, plus costs.

On September 26, 1963, the plaintiffs and defendants entered into an agreement for the lease of a service station located in Casa Grande. The lease was to run for ten years, from October 1, 1963 to September 30, 1973. The full amount of the lease was to be $21,000 with monthly installments of $175. After making the April, 1970 payment, the defendants closed and vacated the service station and thereafter made no payments.

The lease agreement provided the following remedies for its breach:

"... that upon the non-payment of the whole or any portion of the said rent at the time when the same is above promised to be paid, the said lessor may, at his election, either distrain for said rent due, or declare this lease at an end, and recover possession as if the same was held by forcible detainer. . . ."

The question for review by this court is whether the plaintiffs are limited to the remedies specified in the agreement or

whether they may recover damages for unpaid rent as permitted by the trial court.

It is generally accepted that the parties to a contract may provide therein precisely what the remedies shall be in case of a breach, and if so provided, they will be limited in their remedies by the terms of their contract. Green v. Snodgrass, 79 Ariz. 319, 289 P.2d 191 (1955); Treadway v. Western Cotton Oil and Ginning Co., 40 Ariz. 125, 10 P.2d 371 (1932); Armstrong v. Irwin, 26 Ariz. 1, 221 P. 222 (1923); Camelback Land & Inv. Co. v. Phoenix Entertainment Corp., 2 Ariz.App. 250, 407 P.2d 791 (1965); 51C C.J.S. Landlord & Tenant § 250(1). Any ambiguity in a lease is generally construed most strongly against the lessor. 49 Am.Jur.2d Landlord & Tenant § 143.

The lease agreement before us contains a very clear statement of alternative remedies available to the lessor following a breach by the lessee. The parties to a contract are free to modify common law remedies and we must assume that such changes were made by the mutual agreement of both parties. Under these circumstances we find Camelback, supra, controlling and find no merit in the appellees' attempted distinction of Camelback by the more "fruitful" remedies provided in that lease. This court in Camelback found that the lessor was precluded from recovering damages for the unpaid rent since that remedy was not one provided in the contract, and held that:

". . . where a lease provides exclusive remedies to the lessor in the event of a breach by the lessee, the lessor is bound thereby and cannot go outside the terms of the contract and seek remedies or make claims for relief against the lessee other than those provided for in the lease. . . ." 407 P.2d at 797.

We find that no action for damages for unpaid rent was available to lessors in the agreement and the judgment in the trial court was an attempted modification of a clear and unambiguous contract between the parties.

The case is reversed and remanded for action consistent with this opinion.

HATHAWAY, and HOWARD, JJ., concur.