621 P.2d 33

Peter A. ROOSEN and Adrien J. Roosen, dba A & P Investment Co., Plaintiffs–Appellants,

v.

Sylven L. SCHAFFER, M. D., and Jane Doe Schaffer, his wife, Defendants–Appellees.

No. 1 CA–CIV 4559.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 12, 1980.

Rehearing Denied Oct. 9, 1980.

Review Denied Oct. 28, 1980.

Skarecky & Horenstein, P. A. by Dennis Skarecky and Gerald J. Davis, Phoenix, for plaintiffs–appellants.

Blake, Colter, Flickinger, Daudet & Shields by Dwight C. Flickinger and Jeff Schneidman, Phoenix, for defendants–appellees.

## OPINION

O'CONNOR, Judge.

The issues raised in this appeal concern the interpretation of the terms of a lease for office space and the remedies of the lessor upon the lessee's abandonment of the lease.

On August 21, 1974, appellants leased space to appellee, Sylven L. Schaffer, for medical offices. The lease was for a term of five years, expiring on September 30, 1979. Rental under the lease was a total of $36,000.00 which was to be paid in monthly installments of $450.00 for the first year of the lease, $550.00 for the second year, $600.00 for the third year, and $700.00 each for the fourth and fifth years of the lease. On June 1, 1977, the lessee abandoned the premises and ceased paying rent. The premises remained vacant until August 15, 1977, when they were leased to another physician at a monthly rental rate of $640.00. The term of the new lease extended beyond the expiration of the lease to Dr. Schaffer.

Appellants brought suit against the appellees for breach of the lease agreement asking for the unpaid rent accrued prior to the reletting of the premises and for the balance of the rent owing under the first lease, less the rental to be received under the new lease. Both sides moved for summary judgment. The trial court granted judgment in favor of appellees. Appellants appeal from the granting of summary judgment for appellees and from the denial of summary judgment for appellants.

We note that appellants have set forth certain exhibits and have alleged facts in the opening brief which were not brought to the attention of the trial court nor were they offered in evidence.[1] Appellees objected to these items on the basis of *Crook v. Anderson*, 115 Ariz. 402, 565 P.2d 908 (App.1977), in which this court held:

On appeal, from a summary judgment, "the parties cannot add exhibits, depositions, or affidavits to support their position nor can they advance new theories or raise new issues in order to secure a reversal of the lower court's determination."

115 Ariz. at 403–04, 565 P.2d at 909–10 (quoting 10 Wright & Miller, *Federal Practice & Procedure* § 2716, at 435–36).

The exhibits and alleged facts which were not considered by the trial court are not properly before this court for consideration. We have concluded that the appeal can be resolved without reference to the exhibits and allegations to which appellees have objected.

Two specific provisions of the lease, paragraph 10 and 22, provide as follows:

10. DEFAULT: In the event Lessee shall be more than fifteen (15) days late in the payment of any rental herein provided for, or shall at any time be in default in the performance of any of the Lessee's covenants, agreements or obligations hereunder, and if Lessee fails to cure such default or commence to cure such default and complete said cure within a reasonable time, Lessor may, at its election, on giving fifteen (15) days written notice to Lessee, either distrain for

1. Appellants attached a copy of a lease purportedly construed by the court in *Camelback Land and Investment Co. v. Phoenix Entertainment Corp.*, 2 Ariz.App. 250, 407 P.2d 791 (1965). Also certain facts relating to the negotiations of the lease in question were alleged.

said rent due or declare this Lease Agreement terminated and recover the possession of the premises as if the same was held by forcible detainer.

\* . \* \* \* \* \*

22. MISCELLANEOUS: The waiver of either party of any of the covenants herein contained shall not be deemed a waiver of such party's right to enforce the same or any other covenant contained herein. The rights and remedies given to the parties hereunder shall be in addition to, and not in lieu of, any right or remedy as provided by law.

Appellees argue, and the trial court apparently agreed, that appellants' only remedies in the event of abandonment of the lease by lessee are set forth in paragraph 10. An action for unpaid rent is not specified as one of the available remedies in paragraph 10. Therefore, appellees argue that appellants may not maintain an action to collect the balance of the rent due under the lease. Appellees rely upon *Wilson v. Pate,* 17 Ariz.App. 461, 498 P.2d 535 (1972), where a provision like that of paragraph 10 was held to be an expression of the parties' intent to modify the common law remedies otherwise available to the lessor upon lessee's default, and to limit the lessor to the remedies provided in the lease. *See also Camelback Land and Investment Co. v. Phoenix Entertainment Corp.,* 2 Ariz.App. 250, 407 P.2d 791 (1965). Paragraph 22, appellees argue, should be ignored as an inconsistent, general provision which is qualified by the specific provisions of paragraph 10. *Brady v. Black Mountain Investment Co.,* 105 Ariz. 87, 459 P.2d 712 (1969); *Restatement of Contracts* § 236(c). Finally, appellees argue that the lease should be construed most strongly against appellants, the drafters of the lease. *Central Housing Investment Corp. v. Federal National Mortgage Association,* 74 Ariz. 308, 248 P.2d 866 (1952).

 It is well settled in Arizona that leases are to be construed so to give effect to the intent of the parties; all of the clauses must be considered and given effect in relation to each other. *Alabam Freight Lines v. Stewart,* 70 Ariz. 140, 217 P.2d 586 (1950).

There are two clauses in the lease in question relating to remedies of the lessor which must be read together. Paragraph 10 provides two remedies for the lessor in the event the lessee does not pay the rent or the lessee does not perform a covenant, agreement or obligation under the lease. Paragraph 22 provides that the remedies specified in the lease shall be *"in addition to, and not in lieu of,* any right or remedy as provided by law."

The court in *Wilson v. Pate,* cited by appellees, stated that "the parties to a contract may provide therein precisely what the remedies shall be in case of a breach, and if so provided, they will be limited in their remedies by the terms of their contract." 17 Ariz.App. at 462, 498 P.2d at 536. The court in *Wilson v. Pate* found only one provision relating to remedies. The provision, similar to paragraph 10, manifested the parties' intent to modify the remedies available at law. Therefore, the court held that no action for damages for unpaid rent was available to the lessors under the lease. In our case, the presence of both paragraphs 10 and 22 manifests the parties' intent to maintain the remedies available at law as well as to highlight the two remedies specified in paragraph 10. If only paragraph 10 was available under the lease, then the remedies found therein would be exclusive and in lieu of any other remedies. However, the parties also included paragraph 22, which clearly states that the remedies of paragraph 10 are not exclusive but are in addition to the remedies provided by law.

 According to Arizona law, a lessor is allowed to re—enter and take possession of the premises upon violation of the lease by the lessee. A.R.S. § 33–361; A.R.S. §§ 12–1171 to 12–1183 (forcible detainer statutes). In addition to recovering possession, the lessor may also sue for rent, damages, or breach of covenants in the lease. *Concannon v. Yewell,* 16 Ariz.App. 320, 493 P.2d 122 (1972); *Camelback Land and In-*

*vestment Co. v. Phoenix Entertainment Corp.*, 2 Ariz.App. 250, 407 P.2d 791 (1965). Also, by statute, the lessor can obtain a lien upon the personal property of the lessee located on the premises. The lessor pursuant to the procedures and time limits in the statutes can seize the property and arrange for its sale. A.R.S. § 33–361; A.R.S. § 33–1023. Under the lease agreement in question, all of the above remedies are available to appellants.

■ We find that paragraph 22 clearly provides that the remedies in paragraph 10 are *in addition to* all other legal remedies and *not in lieu of* other remedies. Thus, the remedies in paragraph 10 are not exclusive as appellees argued and as the trial court apparently concluded. The trial court erred in granting summary judgment in favor of appellees.

Appellants also appeal from the trial court's denial of their motion for summary judgment. We note that neither appellants nor appellees addressed in their briefs the issue involved in the trial court's denial of appellants' motion for summary judgment. However, because the matter is to be remanded and the issue will have to be considered, we have reviewed the record and we find that the trial court properly denied appellants' motion for summary judgment.

In the complaint, appellants requested judgment against appellees for (1) the unpaid rent accrued during the period of June 1, 1977, the date appellees vacated the premises, to August 15, 1977, the date appellants were able to relet the premises, and (2) the balance of the rent to be accrued under the first lease, less the rental to be received under the new lease. Both parties acknowledge that the appellees abandoned the premises on June 1, 1977, and that the appellants relet the premises on August 15, 1977.

When a lessee of a commercial lease abandons the premises, the lessor has two alternatives. He may either refuse to accept the surrender of the lease, or he may accept the surrender.

■ If the lessor refuses to accept the surrender of the lease, the lease is not terminated. Under Arizona law the lessor may recover possession, but he must try to relet the premises and is "under a duty to make reasonable efforts to rent [the premises] at a fair rental." *Dushoff v. Phoenix Company*, 22 Ariz.App. 445, 449, 528 P.2d 637, 641 (1974), *reaffirmed*, 23 Ariz.App. 238, 532 P.2d 180 (1975). *Contra*, Baird, *A Study of Arizona Lease Terminations*, 9 Ariz.L.Rev. 187, 212 (1967) (written prior to *Dushoff*); *Restatement (Second) of Property (Landlord and Tenant)* § 12.1(3) (1977) (landlord under no duty to attempt to relet for balance of term of lease). The lessor may recover the unpaid rent due prior to reletting the premises *and* the future rent due under the balance of the lease, subject to the duty to mitigate the damages by reletting the premises.

■ However, if the lessor accepts the surrender of the lease, the lease is terminated. The lessor can recover *only* the unpaid rent due prior to the termination of the lease. *Cochise Hotels v. Douglas Hotel Operating Co.*, 83 Ariz. 40, 316 P.2d 290 (1957); *Monaghan v. Barnes*, 48 Ariz. 213, 61 P.2d 158 (1936); *Schuldes v. Wubbolding*, 15 Ariz.App. 527, 489 P.2d 1229 (1971). *See also* 52 C.J.S. *Landlord and Tenant* §§ 490, 493, 499 (1968 & Supp.1979).

■ On the basis of the record before us, we cannot determine whether the lessor accepted the surrender of the lease, or whether the lessor refused to accept the surrender of the lease and relet the premises to mitigate the damages. The question of the lessor's intent in accepting the abandonment and reletting the premises is a question of fact depending on all the surrounding circumstances. *Dushoff v. Phoenix Company*, 22 Ariz.App. at 447, 528 P.2d at 639; *Riggs v. Murdock*, 10 Ariz.App. 248, 458 P.2d 115 (1969). Thus, the trial court correctly denied appellants' motion for summary judgment.

Since the trial court erred in granting summary judgment in favor of appellees, we reverse and remand the cause to the

trial court for proceedings consistent with this opinion.

EUBANK, P. J., Department B, and WREN, J., concur.