NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

APREA II LIMITED PARTNERSHIP, an Arizona limited partnership,
*Plaintiff/Counterdefendant/Appellee,*

*v.*

LAW OFFICE OF JACOB HAFTER, P.C., a Nevada corporation,
*Defendant/Counterclaimant/Appellant*,

JACOB HAFTER; JACLYN HAFTER,
*Defendants/Appellants.*

No. 1 CA-CV 12-0714
FILED 06-05-2014

Appeal from the Superior Court in Maricopa County
No.  CV 2010-052814
The Honorable Michael R. McVey, Judge (Retired)

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Law Office of David Cisiewski, P.L.L.C., Phoenix
By David Cisiewski
*Counsel for Plaintiff/Counterdefendant/Appellee*

Jacob Hafter and Jaclyn Hafter, Las Vegas, Nevada
*Defendants/ Appellants in Propria persona*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

D O W N I E, Judge:

¶1        Jacob Hafter, Jaclyn Hafter, and the Law Office of Jacob Hafter, P.C. ("LOJH") filed a notice of appeal challenging the superior court's grant of summary judgment to Aprea II, L.P. ("Aprea") on Aprea's breach of contract claims and on LOJH's counterclaim.  LOJH has not submitted an opening brief or otherwise participated in this appeal since filing the notice of appeal through counsel.[1]  We therefore deem LOJH's appeal abandoned.  For the following reasons, we affirm the grant of summary judgment against the Hafters on Aprea's breach of contract claims but vacate the judgment against the Hafters on LOJH's counterclaim.  We do not disturb or address either grant of summary judgment against LOJH.

**FACTS AND PROCEDURAL HISTORY**

¶2        LOJH entered into a three-year commercial lease with Aprea in April 2009 for office space.  The Hafters signed a Guaranty of Lease ("Guaranty").  It is undisputed that LOJH failed to pay rent due under the lease in December 2009.

¶3        In February 2010, Aprea and LOJH entered into a settlement agreement.  When LOJH failed to make payments required by that agreement, Aprea sued LOJH, alleging breaches of the lease and the settlement agreement, and the Hafters as guarantors under the lease.  LOJH filed a counterclaim alleging illegal eviction, breach of contract, and tortious interference.

¶4        Aprea moved for summary judgment on its contract claims.  LOJH and the Hafters opposed the motion and sought additional time to conduct discovery.  The superior court granted summary judgment to

---

[1] The Hafters state that "LOJH has not appeared in the appeal because it is no longer in business and has no assets."

Aprea. It entered judgment on December 27, 2011, awarding Aprea $137,440 as the "principal sum due under the Lease Agreement and Settlement Agreement," attorneys' fees of $26,912, costs of $766.54, and interest at the rate of 18% per annum.[2] The court did not certify the judgment as final under Rule 54(b).

¶5 Aprea later moved for summary judgment on LOJH's counterclaim. The superior court granted Aprea's motion in August 2012, awarding Aprea an additional $11,123.68, plus interest. The court included the Hafters individually in the judgment on the counterclaim.

¶6 We have jurisdiction over the Hafters' timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶7 On appeal from a grant of summary judgment, we view the facts and reasonable inferences in the light most favorable to the party against whom judgment was entered. *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 315, ¶ 2, 965 P.2d 47, 49 (App. 1998). Whether a court properly granted summary judgment is a question of law that we review *de novo*. *See id.* at 316, ¶ 8, 965 P.2d at 50. A court may grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1). Summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). The moving party has the initial burden of showing there are no genuine issues of material fact, whereupon the burden shifts to the opposing party to establish the existence of factual questions. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 114-15, ¶ 12, 180 P.3d 977, 979-80 (App. 2008). We will affirm the superior court's decision if it is correct for any reason. *Ariz. Bd. of Regents v. State ex rel. State of Ariz. Pub. Safety Ret. Fund Manager Adm'r*, 160 Ariz. 150, 154, 771 P.2d 880, 884 (App. 1989).

---

[2] The lease established the 18% interest rate.

## I.    Summary Judgment on Aprea's Contract Claims

**¶8**        "The extent of a guarantor's liability is governed by the terms of the guaranty agreement."  *Pi'Ikea, LLC v. Williamson*, 234 Ariz. 284, 287, ¶ 10, 321 P.3d 449, 452 (App. 2014); *accord Tenet Healthsystem TGH, Inc. v. Silver*, 203 Ariz. 217, 219, ¶ 7, 52 P.3d 786, 788 (App. 2002). The Guaranty at issue here is broad in scope, making the Hafters liable for any "liability, expense or fee (including reasonable attorneys' fees) incurred or sustained as a result of the failure by Tenant to satisfy its obligations under the Lease."  The Guaranty further provides:

> Guarantors absolutely and unconditionally guarantee[] and promise[] to Landlord the due, punctual and full performance by Tenant of each and all of the covenants, obligations, liabilities and promises of Tenant . . . including without limitation, the payment of Annual Basic Rent and Additional Rent (as defined in the Lease) and any and all other sums payable thereunder.
>
> . . . .
>
> Guarantors waive[] and agree[] not to assert or take advantage of any right or defense based on the absence of any or all presentments, demands (including demands for performance), notices (including . . . notices of non-performance . . . ) and protests of each and every kind.

The Hafters also acknowledged in the Guaranty that Aprea had no duty to provide them with "any information whatsoever regarding Tenant or Tenant's financial condition or business affairs."

**¶9**        In defending against the breach of contract claims, the Hafters' primary contention has been that Aprea failed to give notices required under the lease.  However, the Hafters expressly waived their right to notices "of each and every kind" and acknowledged in the Guaranty that Aprea had no duty to communicate with them about LOJH. Additionally, the Hafters may not collaterally attack the judgment against LOJH or relitigate issues that LOJH lost below. *See Smith Plumbing Co. v. Aetna Cas. & Sur. Co.*, 149 Ariz. 524, 527, 720 P.2d 499, 502 (1986) (A surety may generally raise any defense *available to the principal*, except personal defenses.); *see also* E.H. Schopler, Annotation, *Conclusiveness and Effect, Upon Surety, of Default or Consent Judgment Against Principal*, 59 A.L.R. 2d 752 § 6 (1958) (discussing conclusive effect on surety of consent judgment rendered against principal in litigation to which surety was a party,

notwithstanding surety's failure to sign consent agreement); 38A C.J.S. *Guaranty* § 119 (2014) ("A prior judgment against the principal is not conclusive against the guarantor unless the guarantor had an opportunity to defend the action or was a party to the judgment or the guaranty contract so provides . . . .").

**¶10** Because the Hafters are liable under the Guaranty for LOJH's breach of the lease, we need not decide whether they are also liable under the settlement agreement or whether they may assert defenses to that agreement (such as duress) that LOJH itself is foreclosed from raising.[3] Nor is it necessary for us to determine the validity of the settlement agreement in order to affirm the damages award on the breach of contract claim. Both the Guaranty and the settlement agreement establish Aprea's right to recover damages under the original lease terms, including the full value of the rent at the time of termination of the lease. *See infra* ¶ 14. The damages the superior court awarded are consistent with those damages. Aprea received the amount due and owing under the lease, less sums LOJH had paid pursuant to the settlement agreement.[4]

**¶11** For the reasons stated, we affirm the grant of summary judgment against the Hafters on Aprea's breach of contract claim.

## II. Summary Judgment on the Counterclaim

**¶12** The counterclaim was brought solely by LOJH. Because the Hafters were not parties to the counterclaim, the superior court erred by including them in the August 15, 2012 judgment, which, among other things, held them jointly and severally liable for attorneys' fees of $11,078, costs of $45.68, and interest on those sums. *Cf. McDonnell v. S. Pac. Co.*, 79 Ariz. 10, 12, 281 P.2d 792, 793 (1955) ("Parties cannot be brought into court and a valid judgment rendered for or against them by merely including

---

[3] LOJH specifically avowed it was entering into the settlement agreement "voluntarily, in good faith, without duress or undue influence of [Aprea]. [LOJH] has been represented by legal counsel of its own choice regarding the meaning, interpretation and effect of this Agreement."

[4] The Hafters' obligations under the Guaranty were not vitiated by the settlement agreement, which stated that Aprea retained all rights and remedies under the lease and Guaranty until LOJH fully and completely satisfied its obligations under the settlement agreement. It is undisputed that LOJH failed to make payments required by the settlement agreement.

them in the judgment."). On remand, the superior court shall enter an amended judgment on the counterclaim that omits the Hafters as judgment debtors.

## III.  Damages

**¶13**        Finally, the Hafters dispute the amount of damages awarded to Aprea. We decline to address their contention that LOJH's first payment under the settlement agreement constituted surrender of the premises and termination of the lease, such that Aprea was limited to damages incurred before LOJH's re-entry and removal of its property. Neither LOJH nor the Hafters raised this argument in the superior court. We will not address it for the first time on appeal. *See Cahn v. Fisher*, 167 Ariz. 219, 221, 805 P.2d 1040, 1042 (App. 1990) (A party cannot raise new theories on appeal to seek reversal of summary judgment.).

**¶14**        The Hafters also contend the doctrine of mitigation of damages should limit Aprea's damages. Arizona law generally permits a landlord to recover possession of the premises upon default and to sue for rent, damages, or breach of the lease, subject to reasonable mitigation efforts. *W. Pinal Family Health Ctr., Inc. v. McBryde*, 162 Ariz. 546, 548, 785 P.2d 66, 68 (App. 1989); *Roosen v. Schaffer*, 127 Ariz. 346, 348, 621 P.2d 33, 35 (App. 1980). However, the breaching party bears the burden of proof as to mitigation. *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 255-56, 603 P.2d 513, 526-27 (App. 1979). The remedies section of the lease agreement is consistent with this legal tenet, stating:

> (a) Landlord may terminate Tenant's right to possession of the Premises at any time by written notice to Tenant. . . . Upon such termination in writing of Tenant's right to possession of the Premises, as herein provided, this Lease shall terminate and Landlord shall be entitled to recover damages from Tenant as provided in any applicable existing or future Law providing for recovery of damages for such breach, including the worth at the time of award of the amount by which the rent which would be payable by Tenant hereunder for the remainder of the Term after the date of the award of damages, including Additional Rent as reasonably estimated by Landlord, exceeds the amount of such rental loss *as Tenant proves could have been reasonably avoided*.

(emphasis added). The lease thus permits a reduction in Aprea's damages should the "Tenant" (LOJH) establish a failure to mitigate. LOJH and the Hafters, though, offered no evidence of a failure to mitigate. They instead requested additional time to conduct discovery, which the superior court denied.

¶15 The superior court has broad discretion in managing discovery deadlines, and we review its denial of an extension request for an abuse of discretion. *See Maricopa County v. Kinko's Inc.*, 203 Ariz. 496, 501, ¶ 19, 56 P.3d 70, 75 (App. 2002). Rule 56(f) permits the court to grant a continuance for additional discovery when a party opposing summary judgment cannot "present by affidavit facts essential to justify the party's opposition." *Birth Hope Adoption Agency, Inc. v. Doe*, 190 Ariz. 285, 287-88, 947 P.2d 859, 861-62 (App. 1997). Rule 56(f) requires the requesting party to submit an affidavit addressing: (1) the particular evidence beyond the party's control; (2) the location of the evidence; (3) what the party believes the evidence will reveal; (4) the methods to be used to obtain it; and (5) an estimate of the amount of time the additional discovery will require. *Lewis v. Oliver*, 178 Ariz. 330, 338, 873 P.2d 668, 676 (App. 1993). Jacob Hafter submitted the requisite affidavit, which addressed the need for discovery regarding mitigation of damages.

¶16 The major objective of Rule 56(f) is to insure that a diligent party is given a reasonable opportunity to prepare his or her case. *Simon v. Safeway, Inc.*, 217 Ariz. 330, 333, ¶ 6, 173 P.3d 1031, 1034 (App. 2007). In the case at bar, however, the superior court could have reasonably determined that the Hafters were not diligent in pursuing discovery. The answer and counterclaim were filed in December 2010. The court imposed a discovery deadline of May 13, 2011. Aprea's first motion for summary judgment was filed after the discovery deadline expired. The Hafters did not come forward with evidence or argument that they had been diligent by, for example, pursuing damages-related discovery before the court-imposed deadline or by seeking to extend that deadline before it expired. Under these circumstances, we cannot say the court clearly abused its discretion by denying the Rule 56(f) request. *See, e.g., Torres v. N. Am. Van Lines, Inc.*, 135 Ariz. 35, 40, 658 P.2d 835, 840 (App. 1982) ("Abuse of discretion" is discretion manifestly unreasonable or exercised on untenable grounds, or for untenable reasons.).

¶17 Based on the evidence before it, the superior court did not err in its damage calculations. *See Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 55, ¶ 8, 156 P.3d 1157, 1160 (App. 2007) ("We review the decision

on the record made in the trial court, considering only the evidence presented to the trial court when it addressed the motion.").

## CONCLUSION

**¶18**　　　We affirm the December 27, 2011 judgment against the Hafters on Aprea's breach of contract claim. We vacate and remand the August 15, 2012 judgment on LOJH's counterclaim with instructions for the superior court to enter an amended judgment that omits the Hafters as judgment debtors. We decline to award attorneys' fees to either Aprea or the Hafters. Although the Guaranty contemplates an award of fees and costs to the prevailing party, both Aprea and the Hafters have partially prevailed on appeal. For this same reason, we do not award appellate costs to either party.



Ruth A. Willingham · Clerk of the Court
FILED: gsh