NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

AHMAD T. SOUGHAR, *Plaintiff/Appellant*,

*v.*

IRENE MONTOYA, *Defendant/Appellee*.

No. 1 CA-CV 22-0418
FILED 11-28-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-090531
The Honorable John R. Hannah, Judge

**AFFIRMED**

COUNSEL

Mark A. Tucker, P.C., Mesa
By Mark A. Tucker
*Counsel for Plaintiff/Appellant*

Irene Montoya, Phoenix
*Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Cynthia J. Bailey and Judge Brian Y. Furuya joined.

_____

**M O R S E**, Judge:

**¶1**         Ahmad Soughar appeals from the superior court's order dismissing his eviction action against Irene Montoya.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         Montoya entered into a written lease agreement to rent a home in 2018.  In March 2021, Soughar purchased that home.  An addendum to the home's purchase contract assigned Montoya's lease to Soughar.  The addendum described the lease as "month-to-month."  A copy of the lease agreement was attached to the addendum.  Section four of that attached agreement provided the following:

> The Lease shall begin on September 1, 2018, and end on August 31, 2028, at which time this lease shall automatically continue on a month-to-month basis, with all other terms and conditions set forth herein remaining the same, unless the party provides written notice to the other one their intention to terminate the lease.  Notice to terminate the Lease at the end of the original term shall be given on or prior to the last rental due date of the original term notice [sic] to terminate, if on a month-to-month basis, shall be given thirty days prior to the periodic rental due date.  At Lease termination, Tenant shall return all keys as described herein and vacate the premises.

**¶3**         Before this case, Soughar filed three separate eviction actions against Montoya.  He voluntarily dismissed the third eviction action with prejudice.  We dismissed his appeal of that dismissal.  *See Soughar v. Montoya*, 1 CA-CV 22-0252 (Ariz. App. Jan. 19, 2023) (decision order).

**¶4**         On November 17, 2021, Soughar mailed Montoya a 30-day notice to terminate the tenancy.  In January 2022, Soughar mailed Montoya

a five-day notice to vacate the property. In February 2022, Soughar filed this (fourth) eviction action against Montoya, alleging she failed to vacate the property after receiving proper notice. In his complaint, Soughar asserted that the parties did not have a written lease and he had properly terminated a month-to-month tenancy.

**¶5**        Montoya moved to dismiss and asked for sanctions against Soughar, contending Soughar failed to disclose the parties' written ten-year lease to the court. Soughar subsequently amended his complaint to attach the written lease agreement.

**¶6**        The court then scheduled a jury trial for March 2022 and deferred ruling on the motion to dismiss.

**¶7**        On the trial date, the court treated Montoya's motion to dismiss as a motion for judgment on the pleadings pursuant to Arizona Rule of Procedure for Evictions Actions 9(e). Soughar argued that, at any time, either party could terminate the lease with 30-days' written notice, and he had properly terminated the lease via the November 17 notice to terminate. Montoya contended that the lease was for a ten-year term that remains in effect. After oral argument on the motion, the court determined that the lease was for a ten-year term and Soughar could not terminate it unilaterally.

**¶8**        In June 2022, the court entered final judgment for Montoya, dismissing the complaint and awarding her $15,116.62 in attorney fees and costs.

**¶9**        Soughar timely appealed the dismissal, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10**        We interpret lease provisions de novo. *Terry v. Gaslight Square Assocs.*, 182 Ariz. 365, 368 (App. 1994). "[L]eases are to be construed so to give effect to the intent of the parties; all of the clauses must be considered and given effect in relation to each other." *Roosen v. Schaffer*, 127 Ariz. 346, 348 (App. 1980). But we must not interpret one contractual provision in a way that renders a related provision meaningless. *Aztar Corp. v. U.S. Fire Ins. Co.*, 223 Ariz. 463, 476, ¶ 45 (App. 2010). And a party does not create an ambiguity within a lease just because he disagrees with its meaning. *In re Est. of Lamparella*, 210 Ariz. 246, 250, ¶ 21 (App. 2005).

**¶11** On appeal, Soughar does not dispute that Montoya had a written lease agreement but argues the lease only created a month-to-month tenancy, subject to termination by either party with 30-days' notice. The lease agreement provides for an original ten-year term ending in August 2028, and automatic renewals on a month-to-month basis thereafter. Soughar's interpretation—that either party may terminate the lease at any time with 30-days' notice—renders meaningless both (i) the ten-year initial term, and (ii) the provisions requiring different times for termination notices "at the end of the original term" or "if on a month-to-month basis." The court correctly rejected Soughar's argument. *See Aztar Corp.*, 223 Ariz. at 476, ¶ 46 ("[A] contrary interpretation would result in an absurd contract and make the extensions . . . meaningless.").

## CONCLUSION

**¶12** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA