## REYNOLDS v. IMLAY et al.
### No. 7792.

United States Court of Appeals for the District of Columbia.

Decided Jan. 22, 1941.

Brooks T. Sanders, of Washington, D. C., for appellant.

John R. Reed and Leo C. Sullivan, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

### PER CURIAM.

Appellees have filed a short record in this court and have moved to dismiss the appeal on the ground that the notice of appeal was not filed in the District Court within the 20-day period prescribed by Rule 10 of this Court.

The judgment was entered July 30, 1940. The notice of appeal, though dated August 22d, was marked "Filed Sep 6–1940". Appellees then moved the District Court to strike the notice of appeal or in the alternative to dismiss the appeal. Appellant's attorney stated by affidavit that he offered a notice of appeal to the clerk's office of the District Court for filing "within twenty days after July 30th, 1940", but that the paper was refused on the ground that the filing fee was not tendered with it. An assistant clerk stated by affidavit that on August 29, 30, or 31, appellant's attorney tendered to him a notice of appeal, and that he informed the attorney that the notice was tendered too late, and further that a $5 deposit was required upon filing, although the action was being prosecuted in *forma pauperis*. On October 30, 1940, the District Court denied the motions for want of jurisdiction.

Rule 75 (h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth."

We think the present controversy can best be determined by the District Court through the exercise of its power under this provision. The parties should be permitted, if they be so advised, to present evidence on the question whether any notice of appeal was tendered to the clerk of the District Court for filing within the period allowed by Rule 10 of this Court. If the court finds that such a notice was duly and timely offered for filing, it may then exercise its power to make the record conform to the truth with respect thereto.

It is, therefore, ordered by the Court that the District Court be, and it is hereby, directed to proceed in accordance with this memorandum.

It is further ordered by the Court that appellees' motion to dismiss be, and it is hereby, denied, without prejudice.