328 P.2d 614

William J. CROUCH, Petitioner,

v.

Hon. W. C. TRUMAN, Judge of the Superior
Court of the State of Arizona in and for
the County of Pinal, Respondent.

No. 6680.

Supreme Court of Arizona.

July 9, 1958.

Neil C. Clark, of Phoenix, for petitioner.

Stokes, Bagnall & Moring, of Coolidge, for respondent.

WINDES, Justice.

H. A. and H. D. Pixler dba H. A. Pixler & Son filed suit in the superior court of Pinal county and was awarded judgment against William J. Crouch in the sum of $2,500 plus $800 attorney fees. On appeal, Crouch v. Pixler, 83 Ariz. 310, 320 P.2d 943, 946, this court affirmed the judgment as to the $2,500 and reversed as to the attorney fees in the following language:

"The judgment as to the $2,500 is affirmed, and reversed as to the $800 attorney's fees."

The Pixlers moved for rehearing requesting us to modify and amplify the decision so as to remand the case to the trial court authorizing it to take evidence as to the necessity for and the extent and value of services rendered by their attorneys and to enter appropriate judgment for such services. This motion was denied and the customary mandate issued. Thereafter the trial judge set the matter for trial

and Crouch petitioned this court for writ of prohibition commanding the superior court and the judge thereof to desist from further proceeding in the action. The Pixlers and the trial judge as respondent filed objections to the issuance of the writ. Alternative writ was issued and the respondent announcing no further response was desired, it was agreed by the parties that the matter be submitted for final decision on the record then presented.

The reversal in Crouch v. Pixler, supra, was for the reason there was no evidence submitted from which the jury or the court could fix the attorney fees, the jury made no decision thereon, and the court after verdict and without evidence included the item in its judgment. We thus have a reversal without direction for further trial and the problem presented is the legal effect of such reversal. Whether a reversal without direction necessitates a new trial depends on the intention of the appellate court and generally if such reversal is for an error committed during the trial, it will be interpreted as requiring new trial but when the error causing reversal was committed after trial or verdict as where an improper judgment is based upon admitted or established facts, no new trial should be had. 5B C.J.S. Appeal and Error § 1986. The error involved herein occurred after trial and verdict and, in addition, on motion for rehearing we interpreted the reversal as not necessitating a new trial

and refused to modify the mandate to direct the same.

When a party has full and complete opportunity to develop his case but does not do so and the case is reversed for this reason, the law does not call for a new trial to permit him to do what he should have done in the first trial. Esmele v. Violet Trapping Co., Inc., 184 La. 491, 166 So. 477.

To avoid any possible misinterpretation this court might well have expressly directed the trial court to enter a modified judgment eliminating the attorney fees. The effect of this reversal without such express direction is the same. With the benefit of our interpretation of the mandate the trial court undoubtedly will correct the judgment.

In respondent's objection to issuance of the alternative writ was the statement that despite the absence in the record of evidence to support a judgment for attorney fees, the attorneys for plaintiff and defendant agreed that in the event plaintiff should recover a verdict the court should determine the amount due for attorney fees. At the informal hearing it developed that such agreement was disputed. We advised the parties this court could not settle such dispute. After the case was submitted for decision as heretofore related, respondent filed with us what is designat-

ed "Respondents Memorandum" to which is attached a certificate of the trial judge that the agreement alleged was made in his presence and for that reason he entered the judgment for attorney fees without requiring evidence. This certificate likewise suggests that in the interest of justice the record should be corrected under the provisions of Rule 75(h), Rules of Civil Procedure, 16 A.R.S. This rule provides that if any difference arises as to whether the record truly describes what occurred in the superior court, the same shall be submitted to and settled by that court and the record made to conform to the truth. The purpose of this rule is to provide a method for presenting to this court a true record as a basis for its decision on appeal. It was not intended that parties with knowledge of a possibly incorrect record could sit by and allow a decision to be made and mandate to go down and thereafter attempt to correct such record. It is a proceeding provided for the purpose of correcting a diminution of the record. Some jurisdictions use certiorari for this purpose but whatever the proceeding, we find no case where an appellate court will allow a correction of this character after decision on appeal when the alleged record defect was known before such decision. The cases require such proceeding to be taken prior to the time of decision on appeal. Rogers v. Ziller, Miss., 49 So.2d 736; Woods v. First National Bank, 9 Cir., 16 F.2d 856;

Bayuk v. Feldman, 11 N.J.Super. 317, 78 A.2d 282.

■ Even had this attempt to correct the record been timely made, the procedure followed by this certificate is not such as is contemplated. We interpret the certificate as a request of the trial judge that this court correct the record on the basis of his certificate. This we could not do. It is only the trial court after appropriate proceedings with notice to the interested parties which can make this correction. Reynolds v. Imlay, 73 App.D.C. 173, 118 F.2d 53; Askins v. Overholser, 83 U.S.App.D.C. 248, 170 F.2d 815. Respondent's counsel and the trial court had full knowledge before the original record came to this court that the contention was made the judgment for attorney fees was invalid for lack of evidence and no effort was made to have the record then corrected in order that the proper decisions could be made in this court. This was one of the grounds urged in appellant's motion to set aside the judgment and for new trial. Likewise it was urged in appellant's opening brief. We cannot consider the certificate for any purpose at this late date. Assuming the certificate speaks the truth, and we could now consider it, the fact established thereby is no reason for granting a new trial upon the issue but would be a reason for changing the original decision and affirming the case in its entirety after the matter is closed and fully adjudicated.

Since we must decide the matter on the record as it was when the decision was rendered, the mandate herein does not authorize further trial and petitioner is entitled to have the correct judgment entered with the elimination of attorney fees.

The alternative writ of prohibition is made peremptory.

UDALL, C. J., and PHELPS, STRUCK-MEYER, and JOHNSON, JJ., concur.