**J. T. ARNETT et al., Appellants,**

**v.**

**Laura Marie THOMAS et vir, Appellees.**

**No. 16596.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 22, 1965.

Kelly, Morris, Walker & Maynard, and Jearl Walker, Fort Worth, for appellants.

Stark & Davey and Ken R. Davey, Gainesville, for appellees.

RENFRO, Justice.

This is a venue case.

A car driven by Mrs. Thomas was in a collision with a truck owned by defendant Arnett, d/b/a Arnett Trucking Co., and driven by defendant Dickerson. The accident occurred in Denton County. Both defendants filed pleas of privilege to have the case transferred to Navarro County, their residence.

The trial court overruled the pleas of privilege and filed findings of fact convicting Dickerson of several specific acts of negligence.

The defendants appealed, urging that no negligence and proximate cause were proved

Only Dickerson testified as to the collision. He testified: He was traveling north on Interstate 35. It was snowing and the highway was covered with snow. He was driving a thirty-five foot, two tandem, Mack Diesel truck. He was traveling about 40 miles per hour, at 11:30 P.M., when he saw the Thomas car traveling in the same direction at 18 miles per hour. The highway was divided with two main lanes of traffic for northbound traffic. The Thomas car was in its proper right-hand lane. He, too, was in the right-hand lane. He came up behind her, "warned her and passed." He blinked his lights and honked his horn. He was fully in the left lane when the collision occurred. As he passed, "she curved over to me * * * Because I was against the curb in the left lane and didn't get out of it." His tractor was already past her

when the collision occurred. The impact occurred on his right front tractor wheel. He went back and looked at the place of impact. His truck had rubbed the snow off of the curb to his left. The Thomas car curved to the right after the impact but came to rest in the median strip between the southbound lane and the northbound lane. "I knew (the lane) * * * that I was in and at the time it happened where I was at also." He was asked, "Could you see absolutely the place that this happened?" and answered, "Yes, sir." The Thomas car traveled an estimated 150 feet and his truck 250 feet. The Thomas car was damaged on the front and rear left fenders. His tractor was five or six feet past the Thomas car when the collision occurred.

In our opinion the evidence merely shows that a collision occurred. The court could, of course, disbelieve all or any part of Dickerson's testimony, but there was none to the contrary.

■ The evidence fails to show that the accident was a result of any negligent act with resultant proximate cause on the part of Dickerson.

It is apparent the case was not fully developed.

■ If the Court of Civil Appeals determines that the judgment of the trial court in a venue case is unsupported by the evidence, or that the evidence in support thereof is insufficient, its judgment should be one of remand and not of rendition, unless it appears that the facts were fully developed at the trial appealed from. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593 (1936).

Reversed and remanded.