411 P.2d 45

**George A. SHETTER, Appellant,**
**v.**
**Louise P. ROCHELLE, Appellee.**
**No. 2 CA–CIV 95.**

Court of Appeals of Arizona.
Feb. 25, 1966.

Rehearing Denied March 22, 1966.

Chandler, Tullar, Udall & Richmond, by Robert S. Tullar, Tucson, for appellant.

Arthur W. Vance, Jr., Tucson, for appellee.

MOLLOY, Judge.

Appellee's motion for rehearing has raised a matter not presented in the briefs

concerning whether this action should be sent back for a new trial or reversed with instructions to enter judgment for the defendant.

The appellee has cited and quoted to this court general statements in the law which might seem to support the contention made that proper appellate procedure at this posture of the case would be to send this case back for a new trial. Among the statements so quoted is:

"And generally it may be said that when it appears that the plaintiff can probably make a better showing on his trial, the court, on reversing the judgment, should remand for a new trial."

5 Am. Jur. 2d, Appeal and Error § 972, p. 400 (1962)

An examination of authorities from various jurisdictions indicates to this court that the situation in other jurisdictions is less than clear[1] and that the above quotation has some case law to support it. However, we apprehend the law of this state to be more clearcut and less conducive to protracted litigation than the view expressed above. Controlling law we believe to be stated in Crouch v. Truman, 84 Ariz. 360, 328 P.2d 614 (1958). This decision interprets a previous decision of our Supreme Court, Crouch v. Pixler, 83 Ariz. 310, 315, 320 P.2d 943, 946 (1958), in that portion thereof which ordered:

"The judgment as to the $2,500 is affirmed, and reversed as to the $800 attorney's fees."

The second decision held that the above order was intended to cause judgment to be entered for the defendant as to the $800.00 claim for attorney's fees because the error resulting in this judgment was one " * * * committed after trial or verdict * * *." (84 Ariz. 360, 362, 328 P.2d 614,

615 (1958).) The error established by the Supreme Court in Crouch v. Pixler, supra, was that:

"The issue as to reasonable attorney's fees was not submitted to the jury, and no evidence was adduced as to the services rendered by the attorney or the reasonable value thereof."

83 Ariz. 310, 315, 320 P.2d 943, 946 (1958)

In holding that no new trial was required under these circumstances, our Supreme Court said:

"When a party has full and complete opportunity to develop his case but does not do so and the case is reversed for this reason, the law does not call for a new trial to permit him to do what he should have done in the first trial."

84 Ariz. 360, 362, 328 P.2d 614, 615 (1958)

An examination of the record before us discloses that there were no rulings by the trial court that impeded the plaintiff in this action from putting on her case fully. The issues tried to the court were those of negligence, breach of warranty, and failure to warn of inherent risks. One of the issues raised throughout the trial by the defendant's counsel was the lack of proof of proximate cause. In a motion for directed verdict made both at the close of the plaintiff's case and at the close of all of the evidence, one of the chief reasons for asking that the trial court direct a verdict for the defendant was that there was no showing of reliance by the plaintiff on any failure to warn. Considerable argument was made to the effect that the plaintiff's consent to a subsequent similar operation by Dr. Burr conclusively showed lack of causation. Among the language expressing this basic contention was the statement of defense counsel in making motion

---

1. American Jurisprudence 2d indicates the ambivalent state of this law by following the above selected quotation with this language: "A remand for additional evidence should be sparingly exercised. A court is reluctant to permit litigants to try their cases by piecemeal and continue protracted litigation concerning facts that could have been established at the original trial." 5 Am.Jur.2d, Appeal and Error § 972, p. 400.

for directed verdict at the close of plaintiff's case: " * * * there is not a scintilla of evidence to support the requisite condition that had Shetter told her there might have been these bad results she might not have had the operation done." Likewise, objections posed by the defendant in the settling of instructions clearly established that one of the principal defenses raised was that there was no showing of proximate causation.

This is not a case reversed for *insufficiency* of the evidence but rather for complete lack of evidence tending to show that any failure to warn was the proximate cause of plaintiff's injury. This is a case of "no evidence" [2] as opposed to a case such as Fritts v. Ericson, 87 Ariz. 227, 349 P.2d 1107 (1960), in which the evidence was inconclusive and proper findings of fact were not made by the trial court.

When a complete lack of proof relates to an essential element of either a claim for relief or a defense, and there has been no interference by wrongful rulings of the trial court, preventing such party from fully developing his case, we hold that on reversal judgment should be entered against such claim or defense.

Litigation is harmful to all parties. To protract it is only to increase its damage. It may very well be in the instant case that if this case were sent back for a new trial the plaintiff could make a better showing. This certainly would have been true in Crouch v. Truman, supra. But it is also a reasonable supposition that the defendant here could make a better showing on a new try at presenting the defense. Each time a case were to be retried one might normally expect the protagonists to do better at presenting the facts and the

law, but this would not mean that each determination would be closer to absolute justice nor that the best interests of the litigants would be served in the process. We are committed in this country to the adversary system for the settling of civil disputes and in our opinion this particular litigation has been fairly won by the defendant.

The previous decision of this court should be modified to show that this case is reversed with instructions to enter judgment for the defendant.

KRUCKER, C. J., and HATHAWAY, J., concur.

---

2. In Texas, where it has been said a new trial will be granted when evidence on a particular issue has not been "fully developed," Arnett v. Thomas, 386 S.W.2d 815 (Tex.Civ.App.1965), there is nevertheless a distinction made between "no evidence" cases and "snfficiency of the evidence" cases, the former requiring rendition of judgment by the appellate court and the latter requiring remand for new trial. Travelers Insurance Co. v. Miller, 390 S.W.2d 284, 286 (Tex.Civ.App.1965).