475 P.2d 728

James G. CROSBY and Loretta R. Crosby, his wife, Appellants,

v.

Tony W. SMITH and Mary C. Smith, his wife, dba Chandler Nursery Center, Appellees.

No. 1 CA–CIV 1113.

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 22, 1970.
Rehearing Denied. Nov. 25, 1970.

Review Denied Jan. 12, 1971.

Hughes, Hughes & Conlan, by Coit I. Hughes, Phoenix, for appellants.

Welliever & Smith, by Michael E. Bradford, Phoenix, for appellees.

EUBANK, Presiding Judge.

The plaintiff-appellants Crosby contracted in writing to sell an unincorporated landscape nursery business to the defendant-appellees Smith. The sale was completed, and thereafter the Smiths timely paid all but $4,461 of the agreed purchase price. The Smiths refused to pay the balance, charging breach of the terms of the contract by the Crosbys which gave rise to offsetting damages. The Crosbys brought this action to collect the remaining $4,461, and the appellant James Crosby also sought additional damages for alleged breach of an employment agreement contained in the contract of sale. Trial to the court resulted in a judgment which granted the Crosbys recovery of the $4,461, less set-offs in the stated amounts of $2,370 for attorneys' fees expense incurred by the Smiths as a result of breach of contract by the Crosbys, and of $750 for an unspecified failure of the Crosbys to abide by the terms of the contract. Recovery under the employment agreement was denied to James Crosby because of his failure to perform the required work properly. Although overlooked by the parties in the trial court and in this court, the judgment erroneously (assuming accuracy of the two offsetting figures) calculates the Crosbys' net judgment at $341, rather than the indicated sum of $1,341. The judgment did not contain any provision with respect to pre-judgment interest.

In their appeal the Crosbys contend that there was no basis in the pleadings, contract, or evidence for the offsetting award of attorneys' fees, and that certain evidence relating to damages claimed for breach of the employment contract was wrongly excluded. Appellants also claim that the trial judge had been succeeded in office before he signed the judgment, and that the judgment was invalid for the further reason that since it provided for the release of garnished funds it should have been served upon appellants' counsel and lodged with the court for five days prior to execution pursuant to Rule 58(d) of the Rules of Civil Procedure, 16 A.R.S. We shall consider the contentions in the order we deem most expeditious, referring to such additional facts as are necessary to the disposition of each.

## THE JUDGMENT

First, as to whether the trial judge signed the judgment during his term of office, we can see no basis for Crosbys' contention. The record shows that the trial judge executed the judgment about an hour before his successor qualified by taking his oath of office. Article 6, Section 26 of the Constitution of Arizona, A.R.S., requires that judicial officers take and subscribe the oath, " * * * before entering upon the duties of his office * * *", while Section 35 requires that all judges continue to hold office " * * * until

their successors are elected and qualify." In our opinion the judgment was properly executed.

■ Appellants' other contention that the judgment is invalid is predicated upon the theory that a judgment which orders the release of garnished funds in excess of the net judgment award is " * * * a judgment other than for money * * *" within the meaning of Rule 58(d), as amended. We disagree with such a theory. The release of excess garnished funds is merely an incidental corollary to the rendition of a money judgment. Where, as here, the judgment purports to dispose of all issues between the parties, the propriety of ordering release of excess funds could not be debated. We do not read Davis v. Chilson, 48 Ariz. 366, 62 P.2d 127 (1936), as supporting appellants' contention. Further, it has been held that failure to comply with the terms of Rule 58(d) is not reversible error unless prejudice is shown. Foster v. Ames, 5 Ariz.App. 1, 422 P.2d 731 (1967); Patch v. Buros, 2 Ariz.App. 585, 410 P.2d 703 (1966). We see no prejudice in the record.

## EXCLUSION OF EVIDENCE

■ The appellant James Crosby complains of the exclusion of evidence relating to damages assertedly recoverable by him by virtue of the employment agreement. But, as appellees point out, Crosby has not seen fit to appeal from that portion of the judgment of the trial court which denied him recovery under the employment agreement on the ground that he " * * * did not fulfill his portion of the Employment Contract in that he failed to perform his labors in a workmanlike manner." Inasmuch as all recovery was denied, exclusion of evidence relating to damages could not have been prejudicial. Odom v. First National Bank of Arizona, 85 Ariz. 238, 241–242, 336 P.2d 141, 143 (1959).

## ATTORNEYS' FEES AWARD

This brings us to the important issue in the case, involving the offsetting award with respect to attorneys' fees. It is worth noting as a matter of background that no attempt was made at the time of the transfer of the nursery to comply with the provisions of the applicable Bulk Sales law, which would have been former A.R.S. § 44–1021, repealed effective January 1, 1968. Two provisions in the contract between the parties referred to attorneys' fees. The first is paragraph 5, which reads as follows:

"5. *Obligations of the Sellers*

"All accounts payable and other liabilities incurred by the Sellers up to the date of closing shall be paid by the Sellers and the Sellers shall indemnify and hold the Buyers harmless against all such accounts payable and other liabilities and herewith agree to pay any attorney fees or other costs which Buyers might incur by reason of such accounts payable or other liabilities not being paid by the Sellers as herein agreed."

The other reference to attorneys' fees is in paragraph 16(a), which reads as follows (the word "company" as used in this paragraph clearly refers to the unincorporated nursery business operated as a sole proprietorship or marital partnership):

"16. *Indemnification*

"Sellers shall indemnify and hold harmless the Buyers at all times after the date of this agreement against and in respect of

"(a) All liabilities of the company of any nature whether accrued, absolute, contingent or otherwise existing on June 30, 1966, including without limitation any tax liabilities, or social security, withholding, unemployment insurance, unemployment contribution taxes and sales taxes paid to the state and federal governments; and Sellers agree that this shall include all attorneys' fees and costs that are required by Buyers to be incurred or paid by reason of the non-payment by Sellers of any of the above."

The evidence adduced at the trial indicated that the Crosbys did not succeed in paying all of their nursery-related debts, and that several creditors contacted the Smiths concerning such debts. Four creditors ultimately garnished the Smiths in search of indebtedness to the Crosbys. The Smiths through an attorney answered these writs, denying any indebtedness. Attorneys' fees for dealing with these creditors seems to form the basis of appellees' claim. They also sought in the prayer of their answer attorneys' fees in the present litigation.

We pass over appellants' contentions that the claim for attorneys' fees for dealing with creditors was not fairly within the allegations of the Smiths' answer, and that it was required to be in the form of a counterclaim,[1] and come to the serious questions of whether the attorneys' fees claimed were within the purview of the contract between the parties, and whether the evidence was sufficient to support such an award.

In considering these questions, we bear in mind the fundamental principle that attorneys' fees are not recoverable in an action unless their recovery is provided for either by contract or by statute. Farm & Auto Supply v. Phoenix Fuel Co., 103 Ariz. 344, 346, 442 P.2d 88, 90 (1968); Commercial Standard Ins. Co. v. Cleveland, 86 Ariz. 288, 294, 345 P.2d 210, 215 (1959); In re Balke's Estate, 68 Ariz. 373, 379, 206 P.2d 732, 740 (1949). An equally important general rule applicable here is that an award of attorneys' fees must be based upon evidence as substantial as that necessary to sustain any other judgment. *See* Evans v. Scottsdale Plumbing Co., 10 Ariz.App. 184, 189, 457 P.2d 724, 729 (1969), and cases cited.

With respect to the contract, appellants' contention is that in order for attorneys' fees for dealing with creditors to be recoverable, the creditors' claims must have been directed at the business assets sold

by appellants to appellees, or originally against the appellees personally, and not merely as garnishees. While we cannot agree with this contention in its entirety, it calls attention to the fact that neither of the paragraphs of the contract quoted above are blanket provisions entitling appellees to recover all attorneys' fees incurred in any manner connected with any breach of contract by the appellants. Taken together, and in the context of the whole agreement between the parties, paragraphs 5 and 16(a) merely obligate appellants to indemnify appellees for attorneys' fees expense incurred in dealing with a situation created by failure of the appellants to satisfy their accounts payable and other business liabilities outstanding at the time the nursery business was transferred.

Giving the provisions a broad, but on the whole, intended construction, we think that they include within their terms the expense incurred by appellees in answering the garnishments served by appellants' business creditors. We hold that the contract does not permit its provisions to be construed to allow recovery for attorneys' fees incurred by appellees in defending against the appellant James Crosby's claim for breach of the employment agreement, which was a very substantial part of the litigation. Nor do we think that the provisions permit appellees to recover for attorneys' fees incurred by them in attempting to establish a set-off against appellants' claim for the balance due them under the contract, even though a portion of the asserted set-off relates to previously incurred attorneys' fees for dealing with appellants' business creditors.

We now come to the evidentiary aspect of the issue. The testimony in the record in regard to attorneys' fees is quite brief. Essentially, it establishes that the appellee Tony Smith and his attorney spent 40 to 50 hours in consultation in the " * * * preparation of this case and the related

---

1. The rule appears to be that a defensive claim which is merely in diminution of an opposing party's claim may properly be pleaded as an affirmative defense. See, e. g., Lukens v. Goit, Wyo.Sup.Ct., 430 P.2d 607, 610 (1967).

matters." This 40 to 50 hours did not include trial time. The trial judge apparently took notice of the files in the four garnishment proceedings, but these have not been made available to this court on review. No attempt was made to break down the services rendered into specific categories. There was no evidence whatsoever presented relating to the value placed upon the services by the attorney, or their reasonable value.

 The burden was upon appellees to present "positive and affirmative" evidence in support of their claim for offsetting attorneys' fees. Crouch v. Pixler, 83 Ariz. 310, 315, 320 P.2d 943, 946 (1958). Appellees failed to meet the burden, inasmuch as they failed to separate recoverable from nonrecoverable services, and failed to present evidence of the reasonable value of any recoverable legal expense.

The award for attorneys' fees to appellees must accordingly be reversed. Remand for determination of the issue in further proceedings would not be proper. Crouch v. Truman, 84 Ariz. 360, 326 P.2d 614 (1958), explaining the pertinent aspect of Crouch v. Pixler, supra; *see also* Shetter v. Rochelle, 2 Ariz.App. 607, 411 P.2d 45 (1966); *cf.* Thompson v. Harris, 9 Ariz.App. 341, 346, 452 P.2d 122, 127 (1969).

The judgment appealed from held that appellants were entitled to recover $4,461, diminished by the sum of $750 and the other sum for attorneys' fees. No question has been raised on appeal concerning the $4,461 basic recovery. Appellants' brief includes a question as to whether a breach of contract was properly pleaded by appellees which would support the adjudicated set-off in the amount of $750, but appellants' position on this matter is not sufficiently elaborated. The judgment is accordingly affirmed as to the $4,461 basic recovery, the set-off in the amount of $750, and also in its determination that the appellant James Crosby is not entitled to any recovery under the employment agreement. It follows that appellants are enti-

tled to a net judgment in the amount of $3,711. Under the terms of the contract between the parties, appellants are entitled to interest at seven *per cent* (7%) on this net balance from and after July 1, 1966. A.R.S. § 44–1201, subsec. B; and *see* Fluor Corp. v. United States ex rel. Mosher Steel Co., 405 F.2d 823, 830 (9 Cir. 1969). The cause is remanded to the trial court for entry of an amended judgment in accordance with the foregoing.

Affirmed in part; reversed in part, and remanded.

HAIRE, and JACOBSON, JJ., concur.