800 P.2d 20

Larry D. SCHWARTZ and Janice
Schwartz, husband and wife,
Plaintiffs–Appellants,

v.

FARMERS INSURANCE COMPANY OF
ARIZONA, a corporation; and Farmers
Insurance Exchange, a corporation, De-
fendants–Appellees.

No. 1 CA–CV 88–572.

Court of Appeals of Arizona,
Division 1,
Department E.

Oct. 23, 1990.

**34**

Pohlman & Sanders by Robert J. Pohlman, Barry Sanders and Bonn & Jenson, Chartered, Phoenix, for plaintiffs-appellants.

Broening, Oberg & Woods by James R. Broening, Jan E. Cleator, Neal B. Thomas, Phoenix, for defendants-appellees.

## OPINION

VOSS, Judge.

The appellants, Larry D. and Janice Schwartz (collectively Schwartz), filed a breach of contract and first party bad faith claim against their insurers, Farmers Insurance Company of Arizona and Farmers Insurance Exchange (collectively Farmers). The jury awarded Schwartz judgment on the contract action, but denied relief on the bad faith claim. The trial court awarded Farmers attorney's fees.

Schwartz raises the following issues:

(1) are attorney's fees an element of compensatory damages in a bad faith action;

(2) did the trial court err by admitting Exhibit 11 into evidence in light of an allegedly contrary stipulation; and

(3) did the trial court err in awarding attorney's fees and costs to Farmers pursuant to A.R.S. § 12–341.01.A and A.R.S. § 12–341, respectively.

We conclude that, although error, the failure to admit evidence of attorney's fees expended to enforce the contract claim was not reversible as the jury found Farmers acted in good faith. Further, the admission of Exhibit 11 was not error as it was a business record that was not limited by stipulation. Finally, the court did not abuse its discretion in awarding attorney's fees when considering the totality of the litigation. We affirm.

### FACTS

Schwartz purchased a Porsche automobile for $13,895.00. In conjunction with the purchase, Schwartz acquired a collision policy from Farmers. Three and one-half months after its purchase, the Porsche was totally destroyed in a collision. Schwartz sought to recover the actual cash value of the Porsche including tax, license and transfer fees from Farmers.

Farmers initially offered $10,000.00 plus tax, license and transfer fees to Schwartz as the actual cash value of the Porsche. When Schwartz did not respond, Farmers offered $11,000.00 plus tax, license and transfer fees as the actual cash value of the Porsche. Both of these offers were based upon a Search International Corporation report, which is a source of actual cash values utilized by insurers. Schwartz subsequently told Farmers that he wanted to

receive $14,000.00 as the actual cash value of the Porsche.

Farmers then purchased a valuation of the Porsche from a computerized service known as Autotrak. To obtain an Autotrak evaluation an insurer must provide Autotrak with a condition rating regarding four components of the subject automobile —specifically, the adjuster must rate the condition of the exterior, interior, mechanical system, and the tires. Based upon these ratings provided by Farmers regarding the Porsche and its actual mileage, Autotrak valued the Porsche at $9,042.00. Relying on this Autotrak valuation, Farmers informed Schwartz that the $11,000.00 actual cash value offer was still valid. Schwartz rejected the $11,000.00 offer and filed a complaint against Farmers alleging breach of contract and bad faith.

Schwartz sought to conduct a review of all of Farmers' total loss files to demonstrate alleged misuse of the Autotrak valuation. Farmers gave Schwartz 78 randomly selected total loss files and, pursuant to a written stipulation dated December 1, 1987, all parties agreed that those files constituted "a representative random sample of Autotrak Reports for total loss claims processed through the Phoenix Regional Office of Farmers and that it is accurately demonstrative of Farmers' routine practice." The stipulation also provided that those records constituted the business records of Farmers pursuant to Rule 803(6), Arizona Rules of Evidence, and that no further foundation or proof would be necessary to establish their authenticity or non-hearsay nature.

During trial, Farmers sought admission of their Exhibit 11, a summary analysis of total loss claims paid by Farmers during the period beginning October 1, 1987 through December 31, 1987. Schwartz objected to the admission of Exhibit 11 alleging it contained information directly contrary to the information that was the subject of the stipulation. The trial court overruled the objection and Exhibit 11 was admitted into evidence.

Schwartz theorized that they were entitled to recovery of the attorney's fees and costs incurred in pursuit of the contract claim, as an element of compensatory damages resulting from Farmers' alleged bad faith acts. They sought to introduce testimonial evidence at trial regarding certain attorney's fees and costs incurred. The trial court refused to admit that evidence. The jury was instructed that awards of attorney's fees and costs, if any, would be made by the court.

The jury rendered its verdict in favor of Schwartz on the claim for breach of contract, and awarded $12,000.00 as the actual cash value of the Porsche. The jury rendered its verdict in favor of Farmers on the bad faith claim.

Both parties sought an award of attorney's fees pursuant to A.R.S. § 12–341.01.A. Farmers requested attorney's fees and costs incurred in defending the entire action. Schwartz requested the attorney's fees incurred in the breach of contract action. The trial court found that Farmers was the successful party under the "totality of the litigation" and awarded Farmers attorney's fees in the amount of $20,000.00 and costs. This appeal followed.

### ATTORNEY'S FEES AS COMPENSATORY DAMAGES

■ Schwartz argues that the trial court erred by excluding evidence of the attorney's fees they incurred to obtain the benefits of the contract with Farmers.* They contend that such attorney's fees are compensable damages in the bad faith claim and, therefore, should have been admitted into evidence. We agree.

Our courts have held that attorney's fees incurred to obtain the benefits of a contract of insurance are recoverable in a bad faith action. *Filasky v. Preferred Risk Mutual Insurance Company*, 152 Ariz. 591, 734 P.2d 76 (1987); *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986); *Farr v. Transamerica Occidental Life Ins. Co.*,

* We do not separately address Schwartz's argument regarding the trial court's failure to instruct the jury regarding the attorney's fees, as our decision disposes of the issue.

145 Ariz. 1, 699 P.2d 376 (App.1984). Recovery of these attorney's fees may not be denied simply because the contract claim and bad faith claim were tried together. *Brandt v. Superior Court (Standard Ins. Co.)*, 37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d 796 (1985). The recoverable attorney's fees are, of course, limited to those incurred to pursue the contract claim and may not include any fees or costs incurred in the bad faith claim.

Exclusion of admissible evidence, however, is not reversible error if the verdict would have been warranted even if the evidence had been admitted and its admission probably would not have changed the result. *Odom v. First National Bank of Arizona*, 85 Ariz. 238, 336 P.2d 141 (1959). The jury found in favor of Farmers on the bad faith claim and awarded no damages. Therefore the preclusion of the amount and type of damages was not prejudicial because the jury found no liability, and the same result would have been warranted if the evidence had been admitted. *Crosby v. Smith*, 13 Ariz.App. 243, 475 P.2d 728 (1970) (Exclusion of evidence relating to damages was not prejudicial as all recovery was denied).

The jury received two forms of verdict regarding the bad faith issue. The jury signed the following form of verdict:

We, The Jury, ... do find in favor of defendants and against plaintiffs on the claim that defendants breached their duty of good faith and fair dealing and award no damages for this claim.

The jury could have chosen instead the form of verdict that read:

We, the Jury, ... do find in favor of plaintiffs and against defendants on the claim that defendants breached their duty of good faith and fair dealing and award compensatory damages in the sum of $_____.

If the jury found bad faith but no damages they could have, and indeed should have, chosen the second form of verdict. The record supports the conclusion that the jury intended to find no liability when they found for the defendants on the bad faith claim.

Schwartz argues that the jury was improperly instructed that it must find damages before it could impose liability, therefore the exclusion of evidence regarding damages was prejudicial.

We disagree with Schwartz's interpretation of the instruction. Instructions must be considered as a whole—the test is whether all of the charges provided the jury with the proper rules to make its decisions. *Andrews v. Fry's Food Stores of Arizona*, 160 Ariz. 93, 770 P.2d 397 (App.1989). The jury was instructed as follows:

In order for defendants to be liable to the plaintiffs for breach of their duty of good faith and fair dealing, plaintiffs must prove by a preponderance of the evidence either:

(1) Defendants delayed or denied payment of the actual cash value of plaintiffs' vehicle without a reasonable or a fairly debatable basis for doing so; or

(2) Defendants failed to undertake an investigation adequate to determine whether their refusal to make payment or their delay in making payment had a proper basis.

In addition to proving (1) or (2) above, plaintiffs must prove ... that defendants acted knowing that they were acting unreasonably....

Before you can find defendants liable for breach of their duty of good faith and fair dealing, you must find that the breach was a cause of plaintiffs' damages. A breach causes damages if it helps produce the damage, and if the damages would not have happened without the breach.

Schwartz contends that this instruction erroneously informed the jury that they must find damages before they find liability. However, when read with the instructions immediately preceding it, it is clear that the court instructed the jury to first make its decision regarding liability. This instruction was simply a causation instruction and did not require that the jury make its decision on damages before it made its decision on the elements of bad faith. As discussed

below, the jury was subsequently instructed: "If you find that defendants are liable to plaintiffs for breach of the duty of good faith and fair dealing, you must *then* decide the full amount of money that will reasonably and fairly compensate plaintiffs...." (Emphasis added.) In sum, the instructions, taken as a whole, do not mislead the jury and we find no error.

The jury had before it evidence of damages other than attorney's fees. Mr. Schwartz testified that he spent approximately 30 hours attempting to obtain satisfactory payment from Farmers and that he was normally compensated at a rate of $75.00 per hour. He did admit that he did not incur any out-of-pocket expenses because he just worked longer hours, and that he was not concerned about being paid for his time. He also testified that he suffered some frustration because of Farmers' treatment of him and because he had to continue making payments on the Porsche after the car was destroyed and Farmers did not satisfactorily settle the claim. The jury was specifically instructed:

> If you find that defendants are liable to plaintiffs for breach of the duty of good faith and fair dealing, you must then decide the full amount of money that will reasonably and fairly compensate plaintiffs for each of the following elements of damages proved by the evidence to have resulted from the defendants' breach of their duty of good faith and fair dealing:
>
> (1) The reasonable value of the plaintiffs' time and incidental expenses incurred to recover their losses before filing the action; and
>
> (2) Reasonable compensation for anxiety, worry, anger, frustration, indignity and other mental and emotional distress suffered by plaintiff Larry Schwartz.

Thus, the jury was instructed that if they found liability they *must* compensate Schwartz for his time and worry. There was no evidence presented disputing Mr. Schwartz's assertions regarding these damages. Therefore we must assume the jury properly followed the instruction and, rather than finding no damages, found no bad faith.

We find that the trial court's refusal to admit evidence regarding the attorney's fees and costs incurred in pursuing the contract action, albeit error, was harmless error.

## ADMISSION OF FARMERS' EXHIBIT 11

Schwartz also argues that the trial court erred by admitting Farmers' Exhibit 11 into evidence because it contained information allegedly contrary to the stipulation entered into between the parties on December 1, 1987.

 A trial court's decision regarding admission or exclusion of evidence will not be questioned absent a clear abuse of discretion and resulting prejudice. *Selby v. Savard*, 134 Ariz. 222, 655 P.2d 342 (1982). Using this standard, we do not find that the trial court erred in admitting Exhibit 11 into evidence.

There is evidence in the record from which the trial court could have reasonably determined that Exhibit 11 did not contain evidence directly contrary to the stipulation. The statistics contained in Exhibit 11, for instance, represented total loss claims for a different, more contemporaneous time period from those contained in the 78 randomly selected total loss reports that were the subject of the stipulation. Additionally, the stipulation is entitled Stipulation Concerning Foundation for Certain Documents Produced in Discovery. We believe that the trial court could have determined that the parties intended to stipulate only to foundational and hearsay principles relating to those 78 randomly selected loss reports when they executed the stipulation. Thus, the trial court could have reasonably determined that the evidence contained in Exhibit 11 was not contrary to the stipulation. Finding no abuse of discretion, we hold that the trial court did not err in admitting Exhibit 11 into evidence.

## ATTORNEY'S FEES

An award of attorney's fees under A.R.S. § 12–341.01 is discretionary with the trial court, and if there is any reasonable basis for the exercise of such discretion, its judgment will not be disturbed. *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985).

The trial court held that, based upon the "totality of the litigation," Farmers was the successful party in this case, and awarded Farmers a portion of its attorney's fees and all of its costs incurred in the defense of both claims. Under the circumstances of this case, we do not believe that the trial court abused its discretion in awarding attorney's fees and costs to Farmers.

Attorney's fees are awardable pursuant to A.R.S. § 12–341.01.A to the successful party in any contested action arising out of a contract. Arizona courts have determined that attorney's fees are awardable under that section to the successful party in bad faith actions. *Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). The question in the instant case is whether the trial court correctly decided that Farmers was the successful party and thus entitled to an award of attorney's fees and costs.

Schwartz contends that they are the successful parties because they obtained a money judgment and Farmers did not, citing *Trollope v. Koerner*, 21 Ariz. App. 43, 515 P.2d 340 (1973). *Trollope* held that a party is successful when he obtains a judgment in excess of any setoff or counterclaim awarded to the other party. The facts here are different. Farmers did not assert an independent claim and obtain an award, rather it successfully defended against Schwartz's bad faith claim. Thus, the net judgment rule articulated in *Trollope* is not applicable.

The trial court possesses discretion to determine who is the successful party in multiple-party litigation and in cases where there are multiple-parties as well as multiple-claims. *Pioneer Roofing Co. v. Mardian Construction Co.*, 152 Ariz. 455, 733 P.2d 652 (App.1986). The use of a "percentage of success factor" test to determine the relative success of the parties with regard to the various claims has been held to be appropriate, *id.*, as has a "totality of the litigation" test. *Nataros v. Fine Arts Gallery of Scottsdale, Inc.*, 126 Ariz. 44, 612 P.2d 500 (App.1980).

In the instant case there are multiple-claims brought against a defendant, with varied success, and both parties seek an award of their attorney's fees pursuant to A.R.S. § 12–341.01.A. We hold that the trial court has discretion to determine who is the successful party under the circumstances. The trial court may rightfully utilize a "percentage of success factor" or a "totality of the litigation" test, as utilized by the trial court in the instant case, to determine who was the successful party.

It is evident from the language of A.R.S. § 12–341.01 that the trial court possesses such discretion. According to A.R.S. § 12–341.01.B, the purpose of an award of attorney's fees under section A of that statute is to "mitigate the burden of the expense of litigation to establish a just claim or defense." Thus A.R.S. § 12–341.01.A is remedial in nature and such relief is equally available to those who successfully defend an action as to those who successfully seek affirmative relief.

Farmers successfully defended the bad faith claim. It is undisputed that this claim was a major issue to be decided in this litigation. Schwartz requested and received a punitive damage instruction. They presented evidence that Farmers' net worth in 1986 was $266,437,727.00. Schwartz's attorney asked the jury to "punish them [Farmers] with some number that lets them know it is not a profitable enterprise...." The contract claim was essentially a dispute over $2,000.00, the difference between Farmers' offer and Schwartz's demand. In light of the substantial disparity in the relief requested on each count, the trial court did not abuse its discretion by finding that Farmers was the successful party under the totality of the

litigation, and awarding Farmers a portion of its attorney's fees and all of its costs incurred pursuant to A.R.S. §§ 12–341.01.A and 12–341, respectively.

For the foregoing reasons, we affirm.

EUBANK, P.J., and SHELLEY, J., concur.