NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROSE HERNANDEZ, *Plaintiff/Appellee*,

*v.*

MARCELINO S. HERNANDEZ, et al., *Defendants/Appellants*.

No. 1 CA-CV 16-0412
FILED 6-6-2017

Appeal from the Superior Court in Maricopa County
No. CV2011-020949
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

COUNSEL

Rose Hernandez, Carson City, NV
*Plaintiff/Appellee*

Rivera Law Group, PC, Phoenix
By Sal J. Rivera, Marcos A. Tapia
*Counsel for Defendants/Appellants*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia K. Norris joined.

**C A M P B E L L**, Judge:

¶1 Marcelino S. Hernandez challenges the trial court's ruling declaring Rose Hernandez to be the successful party below and denying his application for attorney fees. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 We recite the facts relevant to this appeal only. Additional background may be found in this court's first decision in this case, *Hernandez v. Hernandez*, 1 CA-CV 14-0457, 2015 WL 7777072 (Ariz. App. Dec. 3, 2015) (mem. decision).

¶3 Marcelino and Rose are brother and sister. Marcelino made several loans to Rose over a span of many years, none of which were reduced to writing and some of which were secured by a series of quitclaim deeds to Rose's Phoenix house. The siblings agreed Marcelino would sign all deeds back over to Rose when she repaid the loans. Rose filed a quiet title action against Marcelino in 2011, alleging that in breach of their agreement Marcelino refused to sign over a quitclaim deed she executed in December 2002. Rose also alleged that Marcelino kept rent payments he collected from tenants living in Rose's Phoenix house. Marcelino counterclaimed, seeking amounts allegedly outstanding on loans made between 2002 and October 2006 and for reimbursement of several mortgage payments he claimed he made on Rose's California and Phoenix houses.

¶4 The trial court granted summary judgment in favor of Rose on her quiet title and equitable lien claims. The remaining claims and counterclaims were tried to the court, found Rose had satisfied all loans made before February 11, 2005. The court also found that Rose's rent claim and the remainder of Marcelino's counterclaim were time-barred. The court awarded Rose $28,331.00 in attorney fees on her quiet title claim pursuant to Arizona Revised Statutes ("A.R.S.") section 12-1103(B).

¶5 Marcelino appealed from that judgment, and we reversed in part, finding that Marcelino's counterclaims were not fully time-barred. *Hernandez*, 2015 WL 7777072, at *2, ¶ 11. We directed the trial court to enter judgment for Marcelino in the amount of $17,111.90. *Id.* We also reversed the trial court's denial of Marcelino's attorney fees request and ordered the trial court to consider on remand "whether a fee award in favor of Marcelino is appropriate." *Id.* at *3, ¶ 13.

¶6 After our mandate issued, Marcelino moved to vacate the earlier judgment and renewed his attorney fees request. The trial court

denied Marcelino's request and entered a modified judgment that included the $17,111.90 award to Marcelino. The court found that Rose was the successful party, *see* A.R.S. § 12-341.01(A), but did not award additional attorney fees beyond the previous $28,331.00 awarded to Rose on her quiet title claim.

¶7        Marcelino timely appealed the modified judgment. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶8        "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). The trial court has broad discretion to determine who is the successful party for purposes of awarding attorney fees. *Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, ¶ 8 (App. 2016) (appellate court will not disturb trial court's award of attorney fees if there is any reasonable basis for it).

¶9        Marcelino first contends he was the successful party because he prevailed in part on his counterclaim and because our decision in his first appeal rendered Rose the unsuccessful party on her quiet title claim. While Marcelino's result improved, he only recovered approximately half the amount he originally sought. Moreover, Marcelino did not challenge the court's ruling on Rose's quiet title claim or the resulting fee award in his first appeal. *Hernandez*, 2015 WL 7777072, at *3 n.2, ¶ 13. He cannot, therefore, challenge those rulings for the first time in this appeal. *PLM Tax Certificate Program 1991-92, L.P. v. Schweikert*, 216 Ariz. 47, 50, ¶ 16 (App. 2007) (appellate court will not consider issues in second appeal that appellant should have raised in first appeal); *see also Bogard v. Cannon & Wendt Elec. Co., Inc.*, 221 Ariz. 325, 332, ¶ 24 (App. 2009) (appellant's failure to challenge a ruling in his first appeal meant that the ruling was affirmed by implication and could not be challenged in second appeal).

¶10        Marcelino next contends he was the successful party because he prevailed on nine of Rose's ten claims and obtained monetary relief while Rose did not. We disagree. The trial court is not required to count the number of successful claims and defenses to determine the prevailing party for the purpose of awarding attorney fees. Additionally, money judgments are relevant but not dispositive in a successful party analysis. *See Ocean W. Contractors, Inc. v. Halec Const. Co., Inc.*, 123 Ariz. 470, 473 (1979) (party awarded money judgment is not always the successful or prevailing party). The trial court may consider Rose's success in clearing title to her home, which was a significant issue that carried no potential for a money

judgment. *See Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38-39 (App. 1990) (affirming fee award to party that prevailed on "a major issue to be decided in [the] litigation" that did not include a monetary award).

¶11        Finally, Marcelino cites *Ayala v. Olaiz*, 161 Ariz. 129 (App. 1989), for the proposition that the "net winner" in a multi-claim case is the successful party. That case is not controlling under these circumstances: The trial court did not abuse its discretion in not finding Marcelino to be the "net winner" when Rose cleared title to her home and limited Marcelino's recovery to approximately half of the amount he claimed. *See, e.g., U.S. Insulation, Inc. v. Hilro Constr. Co.*, 146 Ariz. 250, 259 (App. 1985) (under A.R.S. § 12-341.01 successful party is the "ultimate prevailing party" in the litigation).

## CONCLUSION

¶12        We affirm the modified judgment and award Rose her costs incurred in this appeal contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA