NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AMIR GUIRGUIS, et al., *Plaintiffs/Appellants*,

*v.*

DIPESH PATEL, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0598
FILED 11-24-2020

Appeal from the Superior Court in Maricopa County
No.  CV2016-090480
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

Abram & Meell PA, Phoenix
By Gregory J. Meell
*Counsel for Plaintiffs/Appellants*

Polsinelli PC, Phoenix
By John R. Clemency, Lindsi M. Weber
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1          Amir and Nancy Guirguis (collectively "Guirguis") appeal a judgment against them for fraudulent transfer, equitable indemnity, breach of contract, and attorneys' fees.  For the reasons stated below, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          This case involves the purchase of two limited liability companies ("LLCs"), each of which owned a hotel.  The sellers eventually took back the hotels through deeds in lieu of foreclosure, and the parties asserted multiple claims against each other for the business failures and related damages.  Plaintiffs, Remon Hanna ("Hanna") and Amir Guirguis (collectively "Plaintiffs"), purchased the two LLCs.  In the first transaction, Plaintiffs and Raied Francis ("Francis"), one of the defendants, purchased Bell Hotel LLC ("Bell Hotel") from defendants Dipesh Patel, Nilay Patel, and Mark Ross, Jr.  Bell Hotel's primary asset was a Super 8 Motel.  The parties entered into a purchase agreement for Bell Hotel on September 10, 2014, for $3.2 million.  Amir Guirguis, Hanna, and Francis each paid $100,000 cash, assumed the existing $2.6 million loan, and executed a $300,000 promissory note secured by a deed of trust on the hotel property.  Plaintiffs and their wives personally guaranteed the $300,000 promissory note.

¶3          In the second transaction, on June 15, 2015, Plaintiffs, along with Francis, and Nilay Patel purchased A&D Hospitality LLC ("A&D") from Dipesh Patel for $3,618,734.55.  A&D's primary asset was a Travelodge/Knights Inn.  Like the first purchase, the buyers assumed the existing loan and executed a promissory note secured by a deed of trust on the property for the balance.

¶4          Hanna managed the Bell Hotel and the Super 8 Motel; Nilay Patel managed the A&D and its hotel properties; Francis worked the front desk at the Super 8; and Amir Guirguis delivered supplies to the hotels as needed. Problems arose in the hotel operations and despite paying the first

mortgages on both properties, Plaintiffs fell behind on other obligations. Plaintiffs also failed to pay the promissory notes when they became due. On January 7, 2016, Nilay Patel, as manager of A&D, signed a deed in lieu of foreclosure on the A&D deed of trust and promissory note, thereby returning the A&D property to Dipesh Patel and surrendering and cancelling the promissory note. On February 2, 2016, Francis, on behalf of Bell Hotel, signed a deed in lieu of foreclosure on the Bell Hotel deed of trust and promissory note, returning the property to the original sellers, Dipesh Patel, Nilay Patel, and Mark Ross, Jr., and surrendering and cancelling the promissory note.

¶5        Plaintiffs asserted claims for conversion, breach of contract, tortious interference with business relations, and fraud against the defendants/counterclaimants, Bell Hotel, A&D, Dipesh Patel, Nilay Patel, Mark Ross, Jr., and Francis (collectively "Defendants"). The jury found Francis in breach of contract but awarded no damages. Plaintiffs prevailed on the tortious interference with business relations claim against Dipesh Patel and were awarded $48,000. The jury found for Defendants on all other claims.

¶6        Defendants asserted fourteen counterclaims against Plaintiffs. The jury found for Defendants but awarded no damages on the counterclaims for breach of fiduciary duty, conversion, breach of the A&D purchase agreement, and breach of the Bell Hotel purchase agreement. The jury awarded $9,000 to Defendants on the fraudulent transfer counterclaim; $169,761 for the equitable indemnity counterclaim; and $75,000 on the counterclaim for breach of the September 10, 2014 Bell Hotel promissory note. The jury rejected the remaining seven counterclaims. This resulted in a net $205,761 judgment for Defendants. The superior court awarded Defendants $204,332.54 in attorneys' fees and costs.

¶7        The superior court denied Plaintiffs' motion for new trial without comment in an unsigned minute entry order. For the next year, the parties engaged in garnishment litigation. The court entered a final, appealable judgment on July 12, 2019, from which Guirguis timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1), (5)(a).

## DISCUSSION

I.    The Evidence Supports the Fraudulent Transfer Verdict.

¶8        The basis of Defendants' fraudulent transfer counterclaim is that while acting as manager of Bell Hotel, Hanna withdrew all funds in the

company bank account while failing to pay Bell Hotel's outstanding bills and obligations, specifically the past due promissory note. The jury awarded Defendants $9,000 on the counterclaim. A fraudulent transfer "occurs when an exchange lacks reasonably equivalent value and 'the debtor was insolvent . . . as a result of the transfer.' No proof of intent is required . . . ." *Hullett v. Cousin*, 204 Ariz. 292, 295, ¶ 13 (2003) (quoting A.R.S. § 44-1005).

¶9 On appeal from a jury verdict, we view the evidence in the light most favorable to sustaining the verdict and will affirm if reasonable evidence supports the verdict. *Gonzales v. City of Phoenix*, 203 Ariz. 152, 153, ¶ 2 (2002). Here, Guirguis alleges there was no evidence that Bell Hotel was insolvent. Insolvency is defined as "[a] debtor who is generally not paying his debts as they become due." A.R.S. § 44-1002(B); *see also In re Viscount Air Servs., Inc.*, 232 B.R. 416, 437 (Bankr. D. Ariz. 1998) (holding that under A.R.S. § 44-1002, "[i]nsolvency can be either 'balance sheet' (assets less liabilities) or 'equitable' (generally not paying debts as they become due)").

¶10 Defendants' forensic accountant testified that on January 27, 2016, Hanna withdrew $9,000 from the Bell Hotel bank account, leaving a balance of $28.02 in that account and a negative balance in the other Bell Hotel account, which caused some checks written on those accounts to bounce. The evidence also showed that Hanna failed to pay several bills in a timely manner, resulting in emails, late notices, and disconnect notices from several vendors. The accountant testified that at the time Hanna withdrew nearly all of the funds in the account, both LLCs owed $169,761 in unpaid obligations.

¶11 This evidence supports the finding that Plaintiffs were insolvent at the time of the transfer. Accordingly, we affirm the judgment on the fraudulent transfer counterclaim.

II. Appellants Waived the Equitable Defense of Unclean Hands.

¶12 The jury found in favor of Defendants on the equitable indemnity counterclaim and awarded $169,761 in damages. Guirguis argues that because the jury found Dipesh Patel liable for tortious interference with business relations, his negligent conduct constitutes unclean hands and bars the equitable indemnity counterclaim. *See Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 241–42, ¶¶ 19–20 (App. 2006) (holding that a party seeking equitable indemnity must be free from negligence). "The doctrine of 'unclean hands' is an equitable defense to a

claim seeking equitable relief." *Tripati v. State, Ariz. Dep't of Corrections*, 199 Ariz. 222, 225, ¶ 8 (App. 2000) (emphasis omitted).

**¶13** Guirguis did not properly assert the equitable defense of unclean hands in the superior court. They did not raise this defense in answering the counterclaims, nor did they request a jury instruction on this defense. Failure to specifically plead an affirmative defense results in waiver. *City of Phoenix v. Fields*, 219 Ariz. 568, 574, ¶ 27 (2009); *Wineman v. Roysden*, 166 Ariz. 281, 286 (App. 1990).

**¶14** Additionally, Guirguis waived any argument that the tortious interference and equitable indemnity verdicts are inconsistent, defective, or nonresponsive by failing to raise any such objections before the jury was dismissed. *See* Ariz. R. Civ. P. 49(f)(1) (any reformation of a defective verdict should take place before the jury is discharged); *see also Trustmark Ins. Co. v. Bank One, Ariz., N.A.*, 202 Ariz. 535, 543, ¶¶ 39–40 (App. 2002). Accordingly, we affirm the judgment for equitable indemnity.

III. The Deed in Lieu of Foreclosure Does Not Preclude Recovery on the Breach of the September 10, 2014 Promissory Note Counterclaim.

**¶15** On September 10, 2014, Bell Hotel signed a $300,000 promissory note secured by a deed of trust on the property. Amir Guirguis, Hanna, Francis and their wives (collectively "Guarantors") all personally guaranteed the note. A&D signed a similar promissory note secured by a deed of trust on its property in the amount of $1,180,063.15, related to the A&D purchase.

**¶16** On February 2, 2016, Francis, on behalf of Bell Hotel, signed a deed in lieu of foreclosure ("DLF"), returning the property to Dipesh Patel, Nilay Patel, and Mark Ross, Jr. The consideration for the DLF consisted of a "[f]ull reconveyance" of the September 10, 2014 deed of trust "and the surrender and cancellation" of the promissory note or notes or other evidence of debt secured by said deed of trust. The DLF provided the

> full and absolute release of [Bell Hotel] from all liability on any and all promissory notes, debts, obligations, costs or changes, the payment of which was secured either by the deed of trust [executed by Bell Hotel on September 10, 2014] or by any other deed of trust or encumbrance on the same property which may have been assumed or created by [Bell Hotel] . . . with the debts and obligations thereby secured, [Dipesh Patel, Nilay Patel, and Ross] ha[ve] assumed and

agreed to pay by specific provisions herein before set forth in
this deed[.]

The parties executed an identical DLF on the A&D promissory note. Only
the Bell Hotel promissory note and DLF are relevant to this appeal,
however, because the jury found Plaintiffs breached the Bell Hotel
(September 10, 2014)[1] promissory note but not the A&D promissory note.

¶17          Guirguis argues that because Defendants regained ownership
of Bell Hotel and its hotel property through the DLF, they could not also
recover damages for the alleged breach of the promissory note. The jury
awarded Defendants $75,000 in damages for breach of the September 10,
2014 Bell Hotel promissory note. We presume this represents the difference
between the $3.2 million Plaintiffs paid for Bell Hotel and the $3,125,000
Dipesh Patel later sold it for. However, Defendants argued that their
damages for this breach included this $75,000 loss plus $300,000 in unpaid
principal on the note.

¶18          The Bell Hotel promissory note was personally guaranteed by
the Guarantors. The personal guaranty provided: "The obligations of
[Guarantors] under this Guaranty are joint and several and *independent of
the obligations* of [Bell Hotel], and a separate action or actions may be
brought and prosecuted against [Guarantors]." By signing the Guaranty,
Guarantors also agreed their obligations "shall be in addition to any . . .
obligations of [Bell Hotel]." Furthermore, the Guaranty expressly states
"[t]his Guaranty is a guaranty of payment and not of collection."

¶19          "A guaranty contract is separately enforceable and
independent of the obligation of the principal debtor." *Provident Nat'l
Assurance Co. v. Sbrocca*, 180 Ariz. 464, 466 (App. 1994). The guaranty may
permit greater liability than that of the principal debtor. *Id.* Because the
Guarantors agreed their obligations were joint and several and
independent of Bell Hotel's obligations and waived any requirement that
Dipesh Patel, Nilay Patel, and Ross first proceed against Bell Hotel or any
other person, any rights Dipesh Patel, Nilay Patel, and Ross had against Bell
Hotel did not determine the rights Dipesh Patel, Nilay Patel, and Ross had
against the Guarantors. *See id.* (determining based on similar contract
language "any rights that Provident may or may not have had against RCL

---

[1] The minute entry mistakenly lists Claim 13 as "Breach of Contract –
September 17, [sic] 2014 Promissory Note" but then cites the correct contract
date (September 10, 2014) in the verdict.

did not necessarily determine the rights that Provident had against the Sbroccas").

**¶20**　　　Moreover, this was a guaranty of payment, not of collection, meaning that Guarantors promised to pay the Bell Hotel promissory note if Bell Hotel failed to do so. *Tenet Healthsystem TGH, Inc. v. Silver*, 203 Ariz. 217, 220, ¶ 10 (App. 2002) (citing cases). Thus, although the DLF provided Bell Hotel with a full and absolute release from liability, it did not have the same effect on the personal guaranty. Nowhere in the DLF was the personal guaranty addressed, modified, or revoked. Because the personal guaranty remained intact, the breach of contract claim was not barred, and the jury could properly find in favor of the Defendants.

IV.　　Attorneys' Fees in the Trial Court.

**¶21**　　　The superior court awarded Defendants a reduced amount of attorneys' fees.[2] Under A.R.S. § 12-341.01, the court may award reasonable attorneys' fees to the successful party in any contested action arising out of a contract.

**¶22**　　　Defendants successfully defended Plaintiffs' breach of contract claim because the jury awarded no damages. *See Trustmark*, 202 Ariz. at 543, ¶ 38 (holding that jury could not have found in plaintiff's favor on negligence claim when it awarded zero damages because actual damages are an element of the claim); *Chartone, Inc. v. Bernini (Ronald D. Mercaldo, Ltd., et al.)*, 207 Ariz. 162, 170, ¶ 30 (App. 2004) (holding that breach of contract claim includes the element of damages). Thus, Defendants were eligible to receive an award of fees for successfully defending against the Plaintiffs' breach of contract claim. The superior court has discretion to determine the successful party where there are multiple claims with varied success and to determine the amount of any fee award. *See Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, ¶ 8 (App. 2016); *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38 (App. 1990).

**¶23**　　　Although the parties set forth various methods of mathematically determining whether, on balance, Defendants were more successful than Plaintiffs, the court need not determine the degree of Defendants' success with mathematical precision. "'Partial success does not preclude a party from "prevailing" and receiving a discretionary award

---

[2] Defendants requested $216,654 in attorneys' fees and $37,678.54 in costs, and the court awarded a combined total of $204,332.54 in fees and costs.

of attorneys' fees'; the superior court may find that a party is the successful party even when the recovery it obtains is 'significantly reduced.'" *Lee*, 240 Ariz. at 161, ¶ 10 (quoting *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 14, ¶¶ 23–24 (App. 2011)). The trial court did not abuse its discretion by determining Defendants were the prevailing party.

**¶24**        Finally, Appellants contend the superior court improperly awarded fees for "distinct" claims. The court may properly award attorneys' fees under § 12-341.01 for non-contract claims that are interwoven with contract claims. *ML Servicing Co., Inc. v. Coles*, 235 Ariz. 562, 570, ¶¶ 30–31 (App. 2014). Appellants do not identify which claims are distinct from the contract claims. Moreover, the purchase agreements setting forth the parties' obligations are at the core of the claims and counterclaims. The existence of the interwoven non-contract claims, alone, is not a basis to remand for reconsideration of attorneys' fees. Finding no error, we affirm the award of attorneys' fees.

V.        Attorneys' Fees and Costs on Appeal.

**¶25**        Both parties request attorneys' fees on appeal under A.R.S. § 12-341.01. Because Guirguis is not the successful party on appeal, its request is denied. Appellees' request is granted contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21. Appellees are also entitled to an award of costs on appeal under A.R.S. § 12-342(A) because the overall judgment against Appellants remained the same on appeal.

**CONCLUSION**

**¶26**        We affirm the judgment against Appellants.



8